J-S59011-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| RICHARD E. SNYDER, | : | |
| | : | |
| Appellant | : | No. 2595 EDA 2013 |

Appeal from the Judgment of Sentence Entered May 8, 2012,
In the Court of Common Pleas of Montgomery County,
Criminal Division, at No. CP-46-CR-0001180-2012.

BEFORE:  SHOGAN, J., LAZARUS, J. and STRASSBURGER, J.*

MEMORANDUM BY SHOGAN, J.:                    **FILED OCTOBER 21, 2014**

Appellant, Richard E. Snyder,[1] purports to appeal from the judgment

of sentence entered on May 8, 2012.  After review, we quash the appeal.

The trial court set forth the relevant facts and procedural history of

this matter as follows:

> On January 12, 2012 at approximately 12:44pm, a
> juvenile victim ("Victim") was shopping with her mother
> ("Mother") in a Five Below retail store in the King of Prussia
> Court, in Upper Merion, Pennsylvania. As Victim reached up to
> select an item for purchase, Mother, who was standing nearby,
> witnessed [Appellant] reach his cellphone up under Victim's
> skirt. Mother screamed at [Appellant] who she believed had been

---

 *Retired Senior Judge assigned to the Superior Court.

[1] As will be discussed below, while Appellant was granted permission to
represent himself in the trial court, Appellant has been represented by
counsel from the filing of the petition that underlies this appeal to the
present.

trying to photograph Victim, and he was apprehended as he tried to exit the store.

Ultimately the Commonwealth charged [Appellant] with the following on Bill of Information 1180-12: Stalking, Invasion of Privacy, Harassment, and various other related offenses. On May 8, 2012, after executing a Waiver of Counsel form, both the Commonwealth's attorney and the undersigned on the record in open Court, confirmed with [Appellant] his decision to proceed *pro se*. N.T. 5/8/12, at 3-4, 6-7 (Ex. C-1). After doing so, [Appellant] accepted <u>negotiated</u> pleas to both Invasion of Privacy and Harassment. After executing the requisite written Guilty Plea Colloquy, acknowledging therein all of his trial and post-sentence rights, [Appellant] admitted that on or about January 12, 2012, he took "a mirror and put it below a little girl's skirt to see up that skirt." N.T. 5/8/12, at 6 (Ex. C-2). [Appellant] showed remorse for his conduct, stating "I was just kind of going through some frustration from home, and it just led to a bad decision, which I'm very sorry for. I'm ashamed by it, embarrassed by it." N.T. 5/8/12, at 8. In exchange for his pleas to Invasion of Privacy and Harassment, the Court imposed [an aggregate sentence] of one year [of] probation and twenty-four (24) hours of community service[.] (N.T. 5/8/12, at 9).

Nearly one year later, on May 7, 2013, [Appellant] filed a "Petition For Relief Under The Post-Conviction relief Act, 42 Pa. C.S.A. §§9541, et seq. Or, Alternatively, Petition To Withdraw Guilty Plea." Before the Court could dispose of [Appellant's] pleading as a Petition for Post-Conviction Relief, he filed a Notice of Appeal on September 10, 2013[.]

Trial Court Opinion, 2/3/14, at 1-2 (footnote omitted) (emphasis in original).

As a result of Appellant filing the notice of appeal to this Court, the trial court lost jurisdiction to rule on Appellant's May 7, 2013 petition. ***See Commonwealth v. Pearson***, 685 A.2d 551, 556–557 (1996) (stating that pursuant to Pa.R.A.P. 1701(a), generally, once a notice of appeal is filed, the trial court is divested of jurisdiction to act further in the matter). Appellant's

September 10, 2013 notice of appeal indicates that it is from his May 8, 2012 judgment of sentence. Clearly, Appellant's appeal is patently untimely.

As noted above, Appellant's judgment of sentence was entered on May 8, 2012. Thus, in order to perfect a timely appeal, Appellant was required to have filed his notice of appeal on or before June 7, 2012. Pa.R.A.P. 903(a).[2] Appellant's notice of appeal was not filed until September 10, 2013, which is 460 days after the appeal period expired. Accordingly, Appellant's notice of appeal was untimely, and we are constrained to quash the appeal. **See Commonwealth v. Nahavandian**, 954 A.2d 625, 629 (Pa. Super. 2008). (quashing an untimely appeal and stating that jurisdiction is vested in the Superior Court only upon the filing of a **timely** notice of appeal) (emphasis added).[3]

---

[2] We note that only the filing of a timely post-sentence motion will toll the appeal period. **Commonwealth v. Trinidad**, 96 A.3d 1031, 1034 (Pa. Super. 2014) (citing Pa.R.A.P. 720). Here, Appellant did not file a timely post-sentence motion, and therefore, the appeal period was not tolled.

[3] In his counseled notice of appeal, Appellant maintains that he filed the appeal because his "Petition For Relief Under The Post-Conviction relief Act, 42 Pa. C.S.A. §§9541, et seq. Or, Alternatively, Petition To Withdraw Guilty Plea" was denied by operation of law pursuant to Pa.R.Crim.P. 720. It is unclear if counsel intentionally styled his underlying petition as both a post-sentence motion and a PCRA petition in the hope that Rule 720 would apply and allow the petition to be considered a post-sentence motion. Nevertheless, because Appellant's petition was untimely, it could only have been considered a PCRA petition. **See Commonwealth v. Jackson**, 30 A.3d 516, 521 (Pa. Super. 2011) (stating that any petition filed after the judgment of sentence becomes final will be treated as a PCRA petition). We are aware of no authority that permits a PCRA petition to be denied by

Alternatively, we point out that if Appellant had not divested the trial court of jurisdiction to consider his petition by filing the intervening and untimely notice of appeal, Appellant would not have been entitled to relief under the PCRA. It is well settled that in order to be "eligible for relief under the PCRA, a petitioner must be: (i) currently serving a sentence of imprisonment, probation or parole for the crime ...." 42 Pa.C.S. § 9543(a)(1). Our Supreme Court has explained that this provision precludes PCRA relief "where the petitioner is no longer serving a sentence for the crime at the time the PCRA court renders a decision." **Commonwealth v. Smith**, 17 A.3d 873, 904 (Pa. 2011) (citing **Commonwealth v. Ahlborn**, 699 A.2d 718 (Pa. 1997)). Once a petitioner's sentence is completed, he becomes ineligible for relief, regardless of whether he was serving his sentence when he filed the petition. **Commonwealth v. Williams**, 977 A.2d 1174, 1176 (Pa. Super. 2009) (citation omitted).

Here, Appellant was sentenced to one year of probation on May 8, 2012. Because Appellant completed his sentence on May 9, 2013, he was, as of that date, ineligible for PCRA relief. 42 Pa.C.S. § 9543(a)(1).

---

operation of law pursuant to Pa.R.Crim.P. 720, and Appellant has cited none. The petition was properly treated as a PCRA petition, and as discussed, Appellant's intervening notice of appeal divested the trial court of jurisdiction. **Pearson**, 685 A.2d at 556–557.

Therefore, Appellant would be unable to obtain PCRA relief even if he had not filed the intervening notice of appeal.

For the reasons set forth above, we conclude that this Court is without jurisdiction to hear Appellant's untimely appeal.  Accordingly, we quash.

Appeal quashed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/21/2014