J-S67016-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| SCOTT ISAAC BOWRA | |
| Appellant | No. 330 WDA 2014 |

Appeal from the PCRA Order February 20, 2014
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0010997-2007

BEFORE: DONOHUE, J., MUNDY, J., and FITZGERALD, J.[*]

MEMORANDUM BY MUNDY, J.:                    **FILED FEBRUARY 24, 2015**

Appellant, Scott Isaac Bowra, appeals from the February 20, 2014 order, denying relief in response to his self-titled "Post-Sentence Motion," which we deem to be a denial of a motion filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.[1] After careful review, we affirm, albeit on a different basis than that relied on by the trial court.

We summarize the procedural history of the case as determined from the certified record as follows. On May 13, 2008, a jury found Appellant

---

[*] Former Justice specially assigned to the Superior Court.

[1] As discussed more fully within, Appellant purports to appeal from a February 6, 2014 judgment of sentence. As we conclude Appellant's characterization of the procedural posture of this case is faulty, we have amended the caption to reflect the true position of this appeal.

guilty of possession of a controlled substance, possession of a controlled substance with intent to deliver (PWID), and conspiracy.[2]  On August 28, 2008, Appellant was sentenced to an aggregate sentence of five to ten years' incarceration followed by two years' probation.  Specifically, Appellant received three to six years for the PWID count, a consecutive two to four years for the conspiracy count, and a consecutive two years' probation on the possession count.  On direct appeal, this Court vacated the sentence and remanded because the trial court had not conducted a full suppression hearing in response to Appellant's omnibus pre-trial motion.  ***See Commonwealth v. Bowra***, 13 A.3d 987 (Pa. Super. 2010) (unpublished memorandum).  On remand, the trial court, after a full hearing, denied Appellant's suppression motion and reinstated the original sentence on January 3, 2011.  Appellant again appealed, and this Court affirmed the judgment of sentence on May 4, 2012.  ***See Commonwealth v. Bowra***, 50 A.3d 233 (Pa. Super. 2012) (unpublished memorandum).  Appellant did not seek allowance of appeal from our Supreme Court.

On December 20, 2012, Appellant filed a *pro se* PCRA petition.  Counsel was appointed and an amended PCRA petition was filed on January 31, 2013.  Therein, Appellant raised the legality of his sentence for the failure of the trial court to merge the possession of a controlled substance

---

[2] 35 P.S. § 780-113(a)(16), (30), 18 Pa.C.S.A. § 903, respectively.

and PWID counts. The PCRA court agreed and provided the following relief on February 14, 2013.

> [Appellant's] PCRA Petition is GRANTED to the extent that an amended sentencing order shall be entered, which shall sentence the Petitioner as follows: Count 1: Possession of a Controlled Substance (Heroin) with Intent to Deliver Said Controlled Substance, 3 to 6 years incarceration; Count 2: Possession of a Controlled Substance (Heroin), merged for purpose of sentencing with Count I; and, Count 3: Criminal Conspiracy, 2 to 4 years of incarceration to be followed by a consecutive period of 2 years probation.

PCRA Court Order, 2/14/13, at 1. No appeal was taken from the PCRA court's February 14, 2013 order.

On February 10, 2014, Appellant filed a counselled post-sentence motion. Therein, Appellant references the trial court's issuance, on February 6, 2014, of "a Form DC-300B Court Commitment State of County Correctional Institution" that he purports resentenced Appellant in accordance with the February 14, 2013 PCRA order. Appellant's Post-Sentence Motion, 2/10/14, at 3-4, ¶ 17. In his post-sentence motion, Appellant sought modification of his sentence in consideration of his rehabilitative efforts since his initial 2008 sentencing. *Id.* at 4 ¶ 18. The trial court denied Appellant's post-trial motion, without a hearing or accompanying reasons, on February 20, 2014.

Appellant filed a notice of appeal on February 27, 2014, purportedly from the "judgment of sentence—amended February 6, 2014." Appellant's

- 3 -

Notice of Appeal, 2/27/14, at 1.  Although not ordered to do so, Appellant filed a concise statement of errors complained of on appeal pursuant to Pennsylvania Rule of Appellate Procedure 1925(b) contemporaneously with his notice of appeal.  The trial court filed its Rule 1925(a) opinion on July 14, 2014, addressing the merits of Appellant's discretionary aspects of sentencing issue.

On appeal, Appellant raises the following issue for our review.

> 1.     Whether the [trial court] failed to consider—in light of [Appellant's] conduct since imposition of the August, 6, 2008 sentence in this matter—all of the factors contained in 42 Pa.C.S. §§ 9721(b) and/or 9781(d) prior to denying [Appellant's] February 10, 2014 Post-Sentence Motion?

Appellant's Brief at 4.

We first address the Commonwealth's contention that the trial court's apparent treatment of Appellant's post-sentence motion as timely filed is erroneous.  Commonwealth Brief at 9.  The Commonwealth asserts Appellant's characterization of the trial court's issuance of Pennsylvania Department of Corrections form DC-300B as a sentencing order is not correct.[3]  *Id.* at 9, n.7.  We agree.

The DC-300B form is not a court order imposing a sentence.  It serves as a commitment form addressed to the Department of Corrections.

---

[3] We note the DC-300B form referenced by Appellant in his notice of appeal and appellate brief is not contained in the certified record.

> Form DC–300B is a commitment document generated by the Common Pleas Criminal Court Case Management System. ***See*** 37 Pa.Code § 96.4; 42 Pa.C.S.A. § 9764. Section 9764 of the Judicial Code sets forth the procedure associated with transfer of an inmate into DOC custody and provides that, on commitment of an inmate, the transporting official must provide the DOC with a copy of the trial court's sentencing order and a copy of the DC–300B commitment form. ***See*** 42 Pa.C.S.A. § 9764(a)(8).

***Commonwealth v. Heredia***, 97 A.3d 392, 394 n.3 (Pa. Super. 2014).

The amended sentence in this case was imposed on February 14, 2013, by the PCRA court's order granting relief and pronouncing the new sentence. "As a practical matter… a defendant begins to serve his or her sentence immediately after the pronouncement of sentence. The pronouncement of sentence is not merely informational. It is the actual imposition of penalty." ***Commonwealth v. Nahavandian***, 954 A.2d 625, 630 (Pa. Super. 2008), *quoting* ***Commonwealth v. Green***, 862 A.2d 613, 620 (Pa. Super. 2004). Accordingly, Appellant's post-sentence motion was untimely. ***See*** Pa.R.Crim.P. 720(A)(1) (requiring a post-sentence motion to be filed within 10 days of the imposition of sentence). Further, absent the filing of a timely post-sentence motion, any direct appeal from the judgment of sentence must be filed within 30 days of the date of the imposition of the sentence. ***Id.*** at 720(A)(3); Pa.R.A.P. 903(c)(3). Additionally, a sentencing court loses jurisdiction to modify a sentencing order more than 30 days after it is entered or after an appeal has been filed. 42 Pa.C.S.A. § 5505.

In light of the above, the Commonwealth recognizes that we must determine whether Appellant's self-titled post-sentence motion should have been treated as an untimely post-sentence motion or as a PCRA petition. Commonwealth's Brief at 9. If treated as an untimely post-sentence motion, Appellant's appeal should be quashed as patently untimely, depriving this court of jurisdiction. "[T]he timeliness of an appeal implicates our jurisdiction and may be raised *sua sponte*." **Commonwealth v. Trinidad**, 96 A.3d 1031, 1035 (Pa. Super. 2014) (citations omitted). We note again that a timely appeal must be filed within 30 days of the imposition of a judgment of sentence. Pa.R.A.P. 903(c)(3). The period for filing an appeal may not be enlarged by this Court. **Id.** at 105(b).

However, this Court has previously treated filings, raising discretionary aspects of sentencing claims, entered after the direct appeal period has expired, as PCRA petitions. **See Commonwealth v. Taylor**, 65 A.3d 462, 465-468 (Pa. Super. 2013) (recognizing "that an untimely post-sentence motion filed after finality of judgment is to be treated as a PCRA petition[]"), *citing* **Commonwealth v. Evans**, 866 A.2d 442, 443 (Pa. Super. 2005), *and* **Commonwealth v. Guthrie**, 749 A.2d 502, 503 (Pa. Super. 2000).[4]

---

[4] The **Taylor** panel recognized a tension between its holding and the holding in **Commonwealth v. Wrecks**, 934 A.2d 1287 (Pa. Super. 2007) (concluding the trial court properly treated Wrecks' filing, after his sentence was final, as an untimely post-sentence motion). **Taylor** criticized **Wrecks** for essentially ignoring **Evans** and **Guthrie** and relying on cases with analyses that are no longer applicable. **See Taylor**, **supra** at 467, n.4.

Accordingly, we conclude the trial court should have treated Appellant's self-titled post-sentence motion as a timely PCRA petition.[5]

Instantly, as noted above, Appellant filed a counseled motion, and said counsel continues to represent Appellant. Thus, there is no need to remand for appointment of counsel. *Cf. Evans*, *supra*; *Guthrie*, *supra* (remanding for appointment of counsel when trial court failed to treat untimely *pro se* post-sentence motions as PCRA petitions). We therefore proceed to determine if the trial court's order denying relief is nevertheless proper when Appellant's motion is viewed as a PCRA petition. "[W]e, as an appellate court, are empowered to affirm [the PCRA court's] decision on any ground without regard to the ground relied upon by [the PCRA court] itself." *Commonwealth v. McKeever*, 947 A.2d 782, 786 (Pa. Super. 2008) (internal quotation marks and citation omitted).

We reiterate the following principles guiding our consideration of an appeal from the denial of PCRA relief.

> "On appeal from the denial of PCRA relief, our standard and scope of review is limited to determining whether the PCRA court's findings are supported by the record and without legal error." *Commonwealth v. Edmiston*, 65 A.3d 339, 345 (Pa. 2013) (citation omitted)[, *cert. denied*, *Edminston v. Pennsylvania*, 1345 S. Ct. 639

---

[5] There being no direct appeal, Appellant's amended sentence became final on March 16, 2013, 30 days after its imposition on February 14, 2013. *See* Pa.R.A.P. 903(c)(3). Accordingly, Appellant had until March 16, 2014 to file a timely PCRA petition, unless an exception to the one-year time requirement applies. *See* 42 Pa.C.S.A. § 9545(b).

(2013)]. "[Our] scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party at the PCRA court level." **Commonwealth v. Koehler**, 614 Pa. 159, 36 A.3d 121, 131 (2012) (citation omitted). "The PCRA court's credibility determinations, when supported by the record, are binding on this Court." **Commonwealth v. Spotz**, 610 Pa. 17, 18 A.3d 244, 259 (2011) (citation omitted). "However, this Court applies a *de novo* standard of review to the PCRA court's legal conclusions." **Id.**

**Commonwealth v. Medina**, 92 A.3d 1210, 1214-1215 (Pa. Super. 2014) (*en banc*), *appeal granted*, --- A.3d ---, 2014 WL 6991663 (Pa. 2014). Further, in order to be eligible for PCRA relief, a petitioner must plead and prove by a preponderance of the evidence that his conviction or sentence arose from one or more of the errors listed at 42 Pa.C.S.A. § 9543(a)(2). These issues must be neither previously litigated nor waived. **Id.** § 9543(a)(3). "A claim is waived under the PCRA if, *inter alia,* it could have been raised on direct appeal." **Commonwealth v. Price**, 876 A.2d 988, 993 (Pa. Super. 2005) (citation omitted), *appeal denied*, 897 A.2d 1184 (Pa. 2006), *cert. denied*, 549 U.S. 902 (2006).

Instantly, Appellant's sole issue is a challenge to the discretionary aspect of his sentence. Appellant's Brief at 12. This issue was not raised in a timely post-sentence motion or a timely direct appeal. Consequently, the issue is "previously waived" and relief under the PCRA is unavailable. **See** 42 Pa.C.S.A. § 9543(a)(3); **Price**, **supra**. As no claim cognizable by the

PCRA has been advanced by Appellant in his counselled February 10, 2014 motion, we conclude the denial of relief by the trial court was legally correct.

In sum, we determine that Appellant's characterization of the trial court's issuance of the Department of Corrections form DC-300B as an imposition of sentence is mistaken. We conclude the trial court should have treated Appellant's counselled motion as a petition filed pursuant to the PCRA. We nevertheless affirm the trial court's decision to deny relief on the alternative ground that Appellant failed to assert a claim cognizable under the PCRA. Accordingly, we affirm the trial court's February 20, 2014 order denying relief, albeit on other grounds. [6]

_____

[6] This panel originally filed this memorandum decision on December 9, 2014. Appellant filed an application for reargument on December 19, 2014, and we granted panel reconsideration on January 20, 2014. In his application for reargument, Appellant first seeks to rely on the filing of a revised sentencing order "Form CPCMS 2066," which appears in the record. Application for Reargument, 12/19/14, at 3. However, Appellant only referenced the DC-300B form in his February 10, 2014 self-titled "Post-Sentencing Motion" presented to the trial court. *See* Appellant's Post-Sentence Motion, 2/10/14, at 3-4, ¶ 17. Appellant may not raise this issue for the first time on appeal. *See* Pa.R.A.P. 302(a) (providing that "[i]ssues not raised in the lower court are waived and cannot be raised for the first time on appeal"). Even if we were to consider his argument relative to Form CPCMS 2066, it would not alter our conclusion about the effective date of the February 14, 2013 amended sentence, as the same reasoning expressed herein would apply.

Appellant also argues that if this Court deems his February 10, 2014 Post-Sentence Motion to be a PCRA petition, the proper disposition was not to affirm, but to vacate and remand for a hearing or compliance by the trial court with Pennsylvania Rule of Criminal Procedure 907. Again, however, Appellant did not raise this issue on appeal. In *Taylor*, the trial court treated the appellant's *habeas corpus* petition as an untimely post-sentence motion. *Taylor*, *supra* at 468. This Court held that the trial court should
*(Footnote Continued Next Page)*

Order affirmed.


Judgment Entered.

*[signature]*

Joseph D. Seletyn, Esq.
Prothonotary


Date: 2/24/2015

---

*(Footnote Continued)* —————————————

have treated the petition as a PCRA petition. **Id.** The **Taylor** Court further held that any issue relative to the trial court's non-compliance with Rule 907 was waived for failure to raise it on appeal. **Id.** Accordingly, Appellant's instant belated Rule 907 issue is similarly waived.

Finally, Appellant raises a new legality of sentencing issue based on the imposition of a mandatory minimum sentence of three years' incarceration, under 18 Pa.C.S.A. § 7508(a)(2)(ii), on the PWID count in contravention of **Alleyne v. United States**, 133 S. Ct. 2151 (2013) (requiring any fact, other than a prior conviction, which triggers the imposition of a mandatory minimum sentence to be first established by a jury beyond a reasonable doubt). As Appellant himself aptly notes, "**Alleyne** has not been held to be retroactive to cases on collateral review and, for reasons similar to those in **Schriro v. Summerlin**, 542 U.S. 348 (2004), would not likely be applied retroactively …." Appellant's Application for Reconsideration, 12/19/14, at 14, **see also Commonwealth v. Newman**, 99 A.3d 86, 90 (Pa. Super. 2014) (*en banc*) (noting the holding in **Alleyne** applies retroactively to cases on **direct** appeal at the time of its decision). As noted herein, Appellant's judgment of sentence became final on March 16, 2013, shortly before the decision in **Alleyne** was handed down on June 17, 2013. Therefore, after full reconsideration in response to Appellant's application, we conclude our original disposition is proper.