COMMONWEALTH of Pennsylvania, Appellee

v.

Shahram NAHAVANDIAN, Appellant.

Superior Court of Pennsylvania.

Submitted March 10, 2008.

Filed July 18, 2008.

Richard R. Feudale, Mount Carmel, for appellant.

John P. Muncer, Assistant District Attorney, Sunbury, for Commonwealth, appellee.

BEFORE: STEVENS, PANELLA, and HUDOCK, JJ.

OPINION BY STEVENS, J.:

¶ 1 This is an appeal from the judgment of sentence entered by the Court of Common Pleas of Northumberland County, after this Court vacated sentence and remanded for resentencing in light of *Commonwealth v. Ludwig*, 583 Pa. 6, 874 A.2d 623 (2005). Here, Appellant contends his new aggregate sentence impermissibly includes a 21 to 48 month sentence of incarceration for Delivery of a Controlled Substance which the court had initially vacated after remand, based upon the Commonwealth's concession that the delivery charge and conviction was of questionable fairness. Specifically, Appellant argues (1) the Commonwealth was estopped from seeking reimposition of sentence on the delivery charge once it conceded sentence should not be imposed, and (2) the court lacked jurisdiction to reimpose sentence on the delivery count after 30 days had lapsed from the date of its order vacating sentence on the count. We quash.

¶ 2 The trial court has provided an apt recitation of procedural history as follows:

Defendant was found guilty during a jury trial [on charges of] drug delivery resulting in death and related charges on March, 23, 2001 [and was] sentenced on June 7, 2001. On appeal, [the] Superior Court affirmed. Our Supreme Court granted Defendant's petition for allowance of appeal, limited to whether the Commonwealth's evidence was sufficient to support petitioner's conviction for Drug Delivery Resulting in Death, 18 Pa.C.S.A. § 2506. On January 4, 2006, Our Supreme Court, *per curiam*, vacated the Superior Court's order and remanded for consideration in light of *Commonwealth v. Ludwig, [supra]*, which required that the Commonwealth must prove malice as an element of the offense. On April 28, 2006, the Superior Court in a memorandum opinion, reversed and vacated the sentence of drug delivery resulting in death and remanded to this court for resentencing.

Trial Court Opinion dated 8/24/07 at 1–3.

¶ 3 On July 24, 2006, the trial court resentenced Appellant to an aggregate sentence of seven years' three months' to eighteen years' incarceration. Part of the aggregate sentence was a sentence on the delivery count here in question, CR–00–24 Count 1, of 21 to 48 months to run consecutive to the sentence imposed at Count 5 of CR–00–463. N.T. 7/24/06 at 19. Appellant thereafter filed a post-sentence motion for reconsideration, motivated in part on the Commonwealth's apparent concession[1] that it was potentially unfair to sentence Appellant on the delivery conviction under Count 1 because the charging complaint did not refer to the facts surrounding the delivery of drugs to one Mr. Kirchoff,[2] and that the court could just as easily transfer

---

[1] Neither the court's opinion nor party briefs cite to where in the record the Commonwealth's concession may be found, nor were we able to locate the concession in the notes of testimony or certified record.

[2] This Court's unpublished memorandum *Commonwealth v. Nahavandian*, 902 A.2d 980, 2006 Pa.Super. Lexis 2782 (Pa.Super.2006) (unpublished memorandum) rejected Appellant's challenge that trial references to Appellant's delivery of heroin to Mr. Kirchoff, which was not referenced in the crimi-

the 21 to 48 month sentence under Count 1 to the PWID conviction on Count 2, which arose from the same set of facts and had previously merged with Count 1 for sentencing purposes. In its order of August 24, 2006, the court recognized the possibility of doing so, as follows:

AND NOW, this 24th day of August 2006, after review of the record and argument by counsel the Court ORDERS and DIRECTS the following:

(1) Upon concession of the District Attorney, the sentence imposed on CR–00–214 Count 1 is hereby VACATED.

\* \* \* \*

(3) Within the same briefing schedule [for argument on motion for sentence reconsideration] as set forth herein, counsel shall also address their positions on the issue of whether the court has the authority to impose sentence on CR–00–214 Count # 2, Possession with the Intent to Deliver. fn 1

---

1 The Commonwealth has argued that since the sentencing scheme may be affected by the removal of Count 1, delivery of a controlled substance, the Court is at liberty to impose a sentence on Count 2, Possession with the Intent to Deliver, which was not originally imposed during the first sentencing on June 7, 2001 nor [on] the date of the re-sentencing on July 24, 2006 which was held in accordance with the order of the Superior Court, The Court considers the Commonwealth's oral motion to impose sentence on Count 2 as a request for reconsideration of sentence, made within thirty (30) days following the date that the defendant was resentenced on the charges remanded from the Superior Court.

Order dated August 28, 2006 (footnote in original).

¶ 4 On October 17, 2006, the court conducted a hearing in light of the briefs submitted by respective counsel. At the hearing, the Commonwealth made the following argument:

nal information, deprived him of his due pro-

**THE COMMONWEALTH:** We are here today on the Court's Order of August 24, 2006. At that time, as a result of the Commonwealth's request, the Court vacated its sentence on Count 1 in CR–00–214 and scheduled argument on sentencing on that issue and sentencing on Count 4 which the defendant raised.

It is the Commonwealth's position that the argument we made was over-technical on Count 1 with regard to the delivery of heroin, that in fact the sentence of this Court was appealed to the Superior Court and sustained, and sustained by the Supreme Court, and that this Court can resentence on that charge. I apologize to the Court for indicating that I thought there was some problem with that.

In reviewing that the Court's sentence was sustained[, w]e believe there is adequate information on the charges, and again those issues were never raised [here], and so the Court's sentence was sustained on that count. The Court could resentence on that count, and we would request the Court to reimpose the sentence that it imposed in July, which was 21 months to 4 years consecutive to Count 5 in 2000–463.

N.T. 10/17/06 at 2–3. The following exchange then took place:

**DEFENDANT:** ... I believe that Count 1 was withdrawn [by the Commonwealth]....

**THE COMMONWEALTH:** That's not correct. I withdrew nothing. I asked the Court to impose the sentence on another count. We withdrew no counts and I have—

**DEFENDANT:** Well, I think Count 1 was vacated because it clearly stated

cess right against unfair surprise.

that Mr.—that it was involving Mr. Kirchoff. . . .

And I mean I would note for the record that the Kirchoff conduct was never ... charged conduct and therefore—I mean there's some question about jurisdiction. I mean I think the jurisdiction is always an issue. And, you know, I would also state that that is an issue which I have to raise at this point because I mean it was something that I think we objected to at trial, or thereabouts, and I think following this summary of the Court's charge we had discussed this.

But, you know—the point is that we're raising it again. We believe the Kirchoff delivery, if it took place, the testimony was that it was on the way back from Reading, and we didn't—we don't believe that it was established in Northumberland County.

Now the second part of this we believe was that the sentencing that took place in July [of 2006], and the Commonwealth's point for resentencing purposes that they're entitled to resentencing on maybe some other counts that may or may not be present in this—in this sentencing scheme that maybe were not sentenced upon at the time of the resentencing.

We would say at this point that the Superior Court's remand laws as they are .... are inapplicable at this time. It's sort of a reconsideration of resentencing, and we don't believe that merely because we requested a reconsideration as to one count, that now—that other counts can be imposed on Mr. Nahavandian's head following reconsideration. . . . I believe [cases] say that the court can revisit an Order following the expiration of thirty days, and we believe that—you know, I mean we believe that that applies to the resentencing issue. . . .

THE COMMONWEALTH: Just to deal with some of that conglomeration. Obviously, issues not raised on the first appeal are waived. This Court's sentences on all the counts except the drug deliveries resulting in death were sustained. So there is no issue on sentencing on those charges.

I agree with the 30 day rule with the caveat that the defendant filed a motion here which tolled the clock and permits this Court to resentence as it deems fit after considering the defendant's motion.

THE COURT: Very well, the Court has reviewed the record. I've reviewed the briefs by the parties, and I've heard argument by counsel.

With regard to the issue surrounding CR–00–214, Count Number 1, this is the count where the District Attorney has indicated, in other words, that he improvidently conceded that particular charge. Is that correct?

THE COMMONWEALTH: Yes, Your Honor. I never conceded it. I asked the Court to resentence on the PWID.

THE COURT: Oh, I see.

THE COMMONWEALTH: But I believe that I was wrong in making that request, that this Court was perfectly within its authority in sentencing on the delivery [on July 24, 2006].

N.T. 10/17/06 at 5–7, 8–10. The trial court thereafter announced sentence in open court:

THE COURT: This Court believes it was within its authority to sentence[.] The Order of August 24th, I guess, where I indicated that it would be vacated upon such concession. It is now vacated.

The sentence that the Court imposed— and that was [ ] 21 months to 4 years

consecutive to Count 5 on CR–00–463 is hereby reinstated. . . .

With respect to Count Number 4 . . . . the sentence that I had imposed on July 24, 2006, to CR–00–214 Count Number 4, shall remain in full force and effect. I think that's all the matters that are before me.

**DEFENDANT:** . . . [T]he Order of August 24, 2006 really indicated that [CR–00–214] was vacated and didn't ask for any further information on that.

\* \* \*

You know, I mean it's a serious issue for Mr. Nahavandian and, you know, I don't know if there are other further proceedings that can be revisited. Of course we can state our objection for the record that, you know, really returning that sentence previously imposed, and having been vacated, you know, we would strenuously object to that under the circumstances.

**THE COURT:** Your objection is noted. N.T. 10/17/06 at 10–11.

¶ 5 The next docketed activity in this case was a January 29, 2007 motion by Appellant asking the court to reduce its sentencing order to writing so as to perfect the record for purposes of a direct appeal. On February 6, 2007, the court filed a written order memorializing the sentencing order announced in open court. On February 16, 2007, Appellant filed a motion for reconsideration of sentence, which the court denied by Order dated April 12, 2007 after a conducting a hearing on April 10, 2007. Appellant filed this notice of appeal on May 10, 2007.

¶ 6 Appellant raises the following two issues for our review:

**I. THE COMMONWEALTH SHOULD BE ESTOPPED FROM CHANGING ITS POSITION ON COUNT 1, CR–00–214 AND RE-QUESTING THAT THE SENTENCE ON THE SAME BE RE-IMPOSED FOLLOWING ITS STATEMENT TO THE COURT THAT IT WAS NO LONGER PURSUING THE KIRCHOFF CHARGE AND FROM ASSERTING THAT THE APPELLANT'S ALLEGED CONDUCT AS TO KIRCHOFF WAS PROPERLY ACTIONABLE WHEN IT HAD PREVIOUSLY CONCEDED IT WAS NOT IN THE AUGUST 24, 2006 PROCEEDING.**

**II. THE TRIAL COURT DID NOT HAVE JURISDICTION TO RE-IMPOSE SENTENCE ON COUNT 1, CR–00–214 FOLLOW-ING THE EXPIRATION OF THIRTY (30) DAYS PURSUANT TO 42 Pa.C.S.A. SECTION 5505.**

Brief for Appellant at 3.

¶ 7 Before addressing the merits of Appellant's claims, we must address the timeliness of this appeal as it implicates our jurisdiction. *Commonwealth v. Yarris*, 557 Pa. 12, 731 A.2d 581, 587 (1999) (appellate courts may consider the issue of jurisdiction *sua sponte*). Jurisdiction is vested in the Superior Court upon the filing of a timely notice of appeal. *Commonwealth v. Miller*, 715 A.2d 1203, 1205 (Pa.Super.1998).

¶ 8 In the case at bar, Appellant filed his notice of appeal within 30 days after the court denied his February 16, 2007 post-sentence motion, which itself had been filed within 10 days of when his sentence was reduced to writing and docketed. As can be seen by the procedural history recounted *supra*, however, Appellant's sentence was first imposed for our purposes here when the court pronounced it in open court on October 17, 2006.

¶ 9 This Court has held that the date of imposition of sentence in open court, and not the date on which the sentence is docketed, is the reference point for computing the time for filing post-sentence motions. *See Commonwealth v. Green,* 862 A.2d 613 (Pa.Super.2004) (collecting cases on Pa.R.Crim.P. 720 and corresponding Commentary and holding time calculations used to determine timeliness of post-sentence motions and notice of appeal refer to date on which sentence is actually imposed, regardless of when sentence is docketed). In support of this holding, we reasoned:

> As a practical matter, with very few exceptions (such as when the court grants bail pending appeal), a defendant begins to serve his or her sentence immediately after the pronouncement of sentence. The pronouncement of sentence is not merely informational. It is the actual imposition of penalty.

*Green,* 862 at 620.

¶ 10 Here, Appellant actually received his sentence in open court on July 24, 2006. He filed a timely post-sentence motion, which was ultimately denied at the conclusion of a hearing held on October 17, 2006. At that hearing the court pronounced it was vacating a prior post-sentence order in which it had vacated sentence on CR–00–214 and reinstating the original July 24, 2006 sentence in its entirety. Indeed, Appellant understood this pronouncement to have imposed his sentence, as he filed what he entitled a "post-sentence motion" to this sentence after he requested the court to reduce it to writing and enter it on the docket.

¶ 11 Under *Green,* the court's October 17, 2006 open court pronouncement of sentence was the moment from which Appellant's filing clock commenced. Neither his post-sentence motion filed nearly four months later nor his notice of appeal filed nearly six months later were, therefore, timely filed. Accordingly, we must quash this appeal.

¶ 12 Appeal quashed.