J-S02010-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | | |
| v. | | |
| RAPHAEL STEWART, | | |
| Appellant | | No. 3375 EDA 2014 |

Appeal from the Judgment of Sentence November 18, 2014
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0210251-1999

BEFORE:  SHOGAN, LAZARUS, and STABILE, JJ.

MEMORANDUM BY SHOGAN, J.:                          **FILED MARCH 15, 2016**

Appellant, Raphael Stewart, appeals from the judgment of sentence entered on November 18, 2014,[1] following his conviction of first-degree murder, attempted murder, criminal conspiracy, and possessing an instrument of crime.  We affirm.

---

[1]  Appellant's notice of appeal states that he appeals from the "Order entered in this matter on the 19th day of November, 2014."  Notice of Appeal, 11/26/14, at 1.  Here, Appellant was sentenced in open court following the conclusion of his trial on November 18, 2014.  "[T]the date of imposition of the sentence is the date the sentencing court pronounces the sentence."  *Commonwealth v. Green*, 862 A.2d 613, 621 (Pa. Super. 2004).  "This Court has held that the date of imposition of sentence in open court, and not the date on which the sentence is docketed, is the reference point for computing the time for filing post-sentence motions."  *Commonwealth v. Nahavandian*, 954 A.2d 625, 630 (Pa. Super. 2008).  Thus, the caption has been corrected to reflect that this appeal lies from the judgment of sentence entered November 18, 2014.

The evidence of record reveals that on the evening of November 18, 1998, at approximately 7:00 pm, Marlon Wilson ("Wilson"), also known as Omar Johnson and Buddha Bless, Darris Cuthbert ("Cuthbert"), also known as "Dee," and Danny Milton ("Milton"), also known as Danny Gissentanner, were standing on the corner of Colorado and Susquehanna streets in Philadelphia. Wilson and Cuthbert were selling drugs. While they were doing so, Appellant, Dexter Lawrence ("Lawrence") and another unidentified individual approached the trio. After words were exchanged regarding an alleged robbery of a drug house on Taney Street, Appellant, Lawrence and the unidentified individual began shooting.

As a result of the shooting, Cuthbert died and Wilson suffered significant injuries after being shot in his neck, legs, and stomach. Milton sustained no injuries. The evidence from the two testifying eyewitnesses, Wilson and Milton, established that Appellant shot Cuthbert and Lawrence shot Wilson.[2]

The trial court set forth the procedural history of this case as follows:

> On November 18, 2014, after a jury trial, [Appellant] was convicted of murder of the first degree, attempted murder, criminal conspiracy, and possessing an instrument of crime. Also on November 18, 2014, this court sentenced [Appellant] to a mandatory term of life imprisonment without the possibility of

---

[2] The trial court set forth in great detail the facts of this case as revealed through testimony provided at trial. These facts can be found at pages two through twenty-four of the June 8, 2015 trial court opinion. We decline to repeat those extensive facts herein.

parole for the offense of murder of the first degree and imposed concurrent terms of ten (10) to twenty (20) years on the charge of attempted murder, ten (10) to twenty (20) years on the conspiracy charge, and two and one–half ($2^1/_2$) to five (5) years on the charge of possessing an instrument of crime.[1]

> [1] [Appellant] was originally arrested on January 7, 1999, in connection with the case at bar. He was charged with murder, attempted murder and related offenses; however, the charges were withdrawn on May 21, 2000, when the Commonwealth's two main witnesses, [Marlon Wilson] and Danny Milton, could not be located. The charges against [Appellant] were refiled on June 6, 2001, after the witnesses were located. [Appellant] became a fugitive from justice until September 1, 2013 when he was apprehended.

> On November 26, 2014, [Appellant] filed, *pro se*, a timely Notice of Appeal. W. Fred Harrison, Jr., Esquire, was subsequently appointed to represent [Appellant]. On December 1, 2014, counsel for [Appellant] filed post-sentence motions on [Appellant's] behalf; they were denied by operation of law on March 31, 2015, pursuant to Pennsylvania Rule of Criminal Procedure No. 720.B(3).

Trial Court Opinion, 6/8/15, at 1-2 (internal citations omitted). Appellant timely appealed and the trial court and Appellant complied with the requirements of Pa.R.A.P. 1925.

Appellant presents the following issues for our review:

A. Whether the verdicts against the Appellant were supported by sufficient evidence[.]

B. Whether the guilty verdicts against the Appellant were against the weight of the evidence and shocked the conscience.

Appellant's Brief at 4.

In his first claim, Appellant asserts that the verdicts entered against him were not supported by sufficient evidence. Appellant's Brief at 13. Appellant maintains that the Commonwealth was unable to produce any physical evidence connecting him to the crimes; instead, the only evidence connecting Appellant to the crimes was from eyewitnesses. *Id.* Appellant contends that the evidence presented by these eyewitnesses was insufficient to connect Appellant to the crimes. *Id.* Appellant, however, presents specific argument as to only the attempted murder conviction. *Id.* Appellant asserts that because there was no evidence presented that he was the individual who shot the surviving victim, Appellant could not be convicted of attempted murder.[3] *Id.* at 13-15.

When examining a challenge to the sufficiency of evidence, our standard of review is as follows:

> The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying [the above] test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined

_____

[3] In his appellate brief, Appellant presents argument on only the attempted murder conviction. Accordingly, we find any challenge to the sufficiency of the evidence in support of the remaining convictions waived.

- 4 -

circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the [trier] of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

*Commonwealth v. Hansley*, 24 A.3d 410, 416 (Pa. Super. 2011).

Criminal attempt is defined as follows:

**(a) Definition of attempt.**-A person commits an attempt when, with intent to commit a specific crime, he does any act which constitutes a substantial step towards the commission of that crime.

18 Pa.C.S. § 901(a). "For a defendant to be found guilty of attempted murder, the Commonwealth must establish specific intent to kill." *Commonwealth v. Geathers*, 847 A.2d 730, 734 (Pa. Super. 2004). Therefore, "[i]f a person takes a substantial step toward the commission of a killing, with the specific intent in mind to commit such an act, he may be convicted of attempted murder." *In re R.D.*, 44 A.3d 657, 678 (Pa. Super. 2012). "The Commonwealth may establish the *mens rea* required for first-degree murder, specific intent to kill, solely from circumstantial evidence." *Id.* Further, our Supreme Court has repeatedly determined that "[t]he use of a deadly weapon on a vital part of the body is sufficient to establish the specific intent to kill." *Commonwealth v. Rega*, 933 A.2d 997, 1009 (Pa. 2007); *see also Commonwealth v. Cousar*, 928 A.2d 1025, 1034 (Pa.

2007) ("a specific intent to kill may be inferred from the use of a deadly weapon on a vital part of the victim's body.").

The Crimes Code defines an accomplice, in pertinent part, as follows:

A person is an accomplice of another person in the commission of an offense if:

(1) with the intent of promoting or facilitating the commission of the offense, he:

(i) solicits such other person to commit it; or

(ii) aids or agrees or attempts to aid such other person in planning or committing it; or

18 Pa.C.S. § 306(c)(1). "Both requirements may be established wholly by circumstantial evidence. Only 'the least degree of concert or collusion in the commission of the offense is sufficient to sustain a finding of responsibility as an accomplice.' No agreement is required, only aid." *Commonwealth v. Kimbrough*, 872 A.2d 1244, 1251 (Pa. Super. 2005) (citations omitted).

To establish complicity, mere presence at the scene of a crime and knowledge of the commission of criminal acts is not sufficient. Nor is flight from the scene of a crime, without more, enough. However, those factors combined, along with other direct or circumstantial evidence may provide a sufficient basis for a conviction, provided the conviction is predicated upon more than mere suspicion or conjecture.

*Commonwealth v. Knox*, 50 A.3d 732, 739 (Pa. Super. 2012)

Thus, even if Appellant was not the individual who shot victim Wilson, the evidence of record is sufficient to establish that Appellant and Lawrence acted in concert with the shared intent of killing Cuthbert and Wilson. Appellant, Lawrence and the other individual together approached Cuthbert

- 6 -

and Wilson on the night of the incident. N.T., 11/13/14, at 20-21, 118-119. Appellant and Lawrence had confronted Cuthbert and Wilson approximately two weeks prior to this interaction regarding the suspected theft at the Taney Street drug house. *Id.* at 14-15. After addressing Cuthbert and Wilson regarding the alleged robbery of the drug house, Appellant and Lawrence opened fire on Cuthbert and Wilson. *Id.* at 33-34, 119-120. Cuthbert and Wilson were shot several times. *Id.* at 122-123. Wilson was shot in his neck, legs, and stomach. *Id.* at 23. After the shooting, Appellant, Lawrence and the other individual ran together up Colorado Street. *Id.* at 25, 159.

As such, the evidence supports the conclusion that Appellant and Lawrence acted in concert for purposes of carrying out their collective intent to kill Cuthbert and Wilson. Appellant and Lawrence specifically sought out Cuthbert and Wilson in retribution for the alleged theft of Appellant's and Lawrence's drug house. Appellant and his accomplice used a deadly weapon on vital parts of Wilson's body, as evidenced by the gunshot wounds to Wilson's neck and stomach. *Rega*, 933 A.2d at 1009. Thus, the record supports the jury's conclusion that Appellant possessed the intent to kill necessary for a conviction of attempted murder. Moreover, the act of firing several rounds at Cuthbert and Wilson constituted a substantial step toward commission of the intended killing of Cuthbert and Wilson. Accordingly, we

would agree with the trial court's conclusion that there was sufficient evidence to convict Appellant of attempted murder.

In his second issue, Appellant argues that the verdicts were against the weight of the evidence and shocked the conscience. Appellant's Brief at 16. Although Appellant makes passing reference to all of the verdicts entered against him, he again presents argument regarding only the attempted murder conviction. *Id.* The entirety of Appellant's argument consists of the following statements:

> In the instant case, 18 Pa.C.S.A. § 901 requires intent. The facts adduced demonstrate clearly that Appellant Stewart did not intend any harm to [Marlon Wilson]. Thus, convicting a person of a crime where all the elements of the crime have not been proved shocks the conscience.

*Id.*

Before we may reach the merits of Appellant's challenge to the weight of the evidence, we must determine whether Appellant properly preserved this issue on appeal. *Commonwealth v. Mikell*, 968 A.2d 779, 780 (Pa. Super. 2009). Pennsylvania Rule of Criminal Procedure 607, provides as follows:

> (A) A claim that the verdict was against the weight of the evidence shall be raised with the trial judge in a motion for a new trial:
>
> > (1) orally, on the record, at any time before sentencing;
> >
> > (2) by written motion at any time before sentencing; or

- 8 -

(3) in a post-sentence motion.

Pa.R.Crim.P. 607(A).

Here, Appellant raised the weight of the evidence claim in his post-sentence motion.[4] The counseled post-sentence motion was filed December 1, 2014. Appellant's judgment of sentence was imposed in open court on November 18, 2014. Accordingly, in order to be timely filed, Appellant's post-sentence motion needed to be filed by November 28, 2014. **See**

***Nahavandian***, 954 A.2d at 630 ("This Court has held that the date of imposition of sentence in open court, and not the date on which the sentence is docketed, is the reference point for computing the time for filing post-sentence motions."). Due to the Thanksgiving holiday, however, the Philadelphia Court of Common Pleas was closed on Friday, November 28, 2014.[5] The next business day was Monday, December 1, 2014.

_____

[4] Appellant labeled his motion a "post trial motion." Post Trial Motions, 12/1/14. Because the motion was filed after imposition of Appellant's sentence, the motion is properly characterized a post-sentence motion.

[5] The Philadelphia court website reflects the following notification for November 2014: "Notice: All courts will be closed on Thursday and Friday, November 27-28, 2014 in observance of Thanksgiving Day, except Municipal Court's Arraignment Court and the filing of Emergency Protection from Abuse Petitions at the Justice Juanita Kidd Stout Center for Criminal Justice, 1301 Filbert St." http://courts.phila.gov/common-pleas/trial/criminal/.

Accordingly, Appellant's post-sentence motion was timely filed.[6]

Additionally, we note that the fact that the motion was denied by operation of law does not preclude our review. In *Commonwealth v. Upshur*, 764 A.2d 69, 73 (Pa. Super. 2000), this Court addressed a similar procedural question and therein concluded that we were not precluded from addressing the appellant's weight claim where the post-sentence motion raising the claim was denied by operation of law, and where the case involved a jury trial and credibility determinations were made by the jury. As this Court noted, "when a claim is denied by operation of law, the effect of the denial operates in the same manner as if the court had denied the motion itself." *Id.* at 73. Accordingly, Appellant's weight of the evidence claim is properly preserved for review.

With respect to a weight claim, we apply the following standards:

A motion for new trial on the grounds that the verdict is contrary to the weight of the evidence, concedes that there is sufficient evidence to sustain the verdict. Thus, the trial court is under no obligation to view the evidence in the light most favorable to the verdict winner. An allegation that the verdict is against the weight of the evidence is addressed to the discretion of the trial court. A new trial should not be granted because of a mere conflict in the testimony or because the judge on the same facts would have arrived at a different conclusion. A trial judge must do more than reassess the credibility of the witnesses and allege that he would not have assented to the verdict if he were a juror. Trial judges, in reviewing a claim that the verdict is

_____

[6] For computations of time, whenever the last day of any such period shall fall on Saturday or Sunday, or a legal holiday, such day shall be omitted from the computation. 1 Pa.C.S. § 1908; *Green*, 862 A.2d at 618.

against the weight of the evidence do not sit as the thirteenth juror. Rather, the role of the trial judge is to determine that notwithstanding all the facts, certain facts are so clearly of greater weight that to ignore them or to give them equal weight with all the facts is to deny justice.

***Commonwealth v. Widmer***, 744 A.2d 745, 751-752 (Pa. 2000) (citations, footnote, and internal quotation marks omitted). "An appellate court cannot substitute its judgment for that of the finder of fact. Thus, we may only reverse the lower court's verdict if it is so contrary to the evidence as to shock one's sense of justice." ***Commonwealth v. Serrano***, 61 A.3d 279, 289 (Pa. Super. 2013) (citation omitted).

We first note that although Appellant labels his argument a challenge to the weight of the evidence, to the extent that Appellant claims that all elements of the crime of attempted murder have not been met, such claim is a challenge to the sufficiency of the evidence. For reasons outlined previously, we agree that there was sufficient evidence of record to support Appellant's conviction of attempted murder under 18 Pa.C.S. § 901.

Moreover, in addressing Appellant's weight of the evidence claim, the trial court provided the following analysis:

This court finds that the Commonwealth presented sufficient evidence to uphold [Appellant's] convictions, and that the convictions in the present case were not against the greater weight of the evidence.

Here, the jury was aware that both witnesses, [Wilson] and [Milton] had been involved in brushes with the law. Specifically, the jury was aware that [Wilson] was a fugitive at the time of the incident involved in this case and that he used many different names because of multiple warrants for his

arrest. The jury was also aware that Johnson was a drug dealer and that in the past he had sold crack cocaine and marijuana. In addition, the jury was informed that at the time of [Appellant's] trial, Johnson was in custody in New York and that he testified as a prisoner brought to court for the purpose of offering testimony. The jury was also informed that Johnson did not receive any promises from the district attorney or other law enforcement personnel in exchange for his testimony in this case.

Similarly, the jury was aware that witness Danny Milton was on parole for a robbery conviction when the incident involved in this case took place. This court instructed the jury that the crime of robbery is a *crimen falsi*, meaning a crime involving deceit or dishonesty. The jury also knew that Danny Milton used aliases due to his legal problems, and that he, too, sold crack cocaine and marijuana. Milton told the jury that he was arrested in Tennessee just a few days before the trial on a warrant issued by the State of Virginia on a drug case. At the time he testified in court, that case was still an open, unresolved matter. Milton also explained to the jury that he had received no promises of assistance from anyone in exchange for his testimony.

This court also instructed the jury that it could consider the evidence of legal problems with regard to these witnesses in deciding whether to believe all, part, or none of the testimony each of them gave at the trial.

Upon review of the challenge to the weight of the evidence, this court concludes that the verdict was consistent with the evidence. The jury was free to believe all, part or none of the evidence, and it clearly found the evidence to be credible and reliable.

We conclude, therefore, that the jury verdict did not shock any sense of justice. No relief is due.

Trial Court Opinion, 6/8/15, at 34-35.

As set forth above, the Commonwealth introduced evidence of

Appellant's culpability with regard to the attempted murder conviction.

Specifically, two eyewitnesses testified to Appellant's involvement in the

- 12 -

attempted murder. Thus, we cannot conclude that the trial court abused its discretion by denying Appellant's weight challenge and the verdict does not shock our sense of justice. **Widmer**, 744 A.2d at 751-752; **Serrano**, 61 A.3d at 289.

For the reasons set forth above, Appellant is entitled to no relief. Accordingly, we affirm the judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 3/15/2016