J-S83019-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| GERALD LEPRE, | |
| Appellant | No. 272 WDA 2016 |

Appeal from the Judgment of Sentence December 16, 2015
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): FD No. 15-00354

BEFORE:  FORD ELLIOTT, P.J.E., SHOGAN, and STRASSBURGER,[*] JJ.

MEMORANDUM BY SHOGAN, J.:                    **FILED DECEMBER 16, 2016**

Appellant Gerald Lepre appeals from the judgment of sentence entered following his conviction of two counts of indirect criminal contempt ("ICC") for violations of a Protection from Abuse ("PFA") order.  We quash.

The trial court summarized the procedural history of this case as follows:

> Family Division Plaintiff Erica Milton sought and obtained a temporary PFA Order against her ex-boyfriend, [Appellant] on March 11, 2015.  A final hearing was held, and a final PFA Order [was] entered on May 20, 2015.  [Appellant] was subsequently charged with three (3) counts of Indirect Criminal Contempt on May 11, 2015, June 3, 2015 and October 1, 2015, respectively. An ICC Hearing was held before this Court on December 16, 2015, and following the presentation of evidence, [Appellant] was found guilty of the ICC Complaints dated May 11, 2015 and

---

[*]  Retired Senior Judge assigned to the Superior Court.

June 3, 2015, but was found not guilty of the ICC Complaint from October 1, 2015. He was immediately sentenced to a term of imprisonment of 90 days for the May 11, 2015 violation and an additional term of imprisonment of six (6) months at the June 3, 2015 violation, which was suspended. Post-Sentence Motions were filed and were denied on January 25, 2016. This appeal followed.

Trial Court Opinion, 6/24/16, at 1.

Appellant presents the following issues for our review:

I. Did the Commonwealth present sufficient evidence to prove [Appellant] violated the terms of the protection from abuse order?

II. Were the verdicts of guilty for indirect criminal contempt against the weight of the evidence?

Appellant's Brief at 5.

Before addressing the merits of Appellant's claims, we must address the timeliness of this appeal as it implicates our jurisdiction. *Commonwealth v. Ivy*, 146 A.3d 241, 255 (Pa. Super. 2016) (citing *Commonwealth v. Yarris*, 731 A.2d 581, 587 (Pa. 1999)) (appellate courts may consider the issue of jurisdiction *sua sponte*). "Jurisdiction is vested in the Superior Court upon the filing of a timely notice of appeal." *Commonwealth v. Nahavandian*, 954 A.2d 625, 629 (Pa. Super. 2008) (citing *Commonwealth v. Miller*, 715 A.2d 1203, 1205 (Pa. Super. 1998)).

As noted, Appellant was sentenced on December 16, 2015. Of import is the fact that Appellant was sentenced in open court following the ICC

hearing. N.T., 12/16/15, at 21.[1] This Court has explained that the date of imposition of sentence in open court is the reference point for computing time for purposes of post-sentence motions and appeals, and not the date on which the sentencing order is docketed. **Nahavandian**, 954 A.2d at 630. Thus, Appellant's sentencing in open court on December 16, 2015, constitutes the reference point for determining the timeliness of post-sentence motions or a notice of appeal.

Rule 720 of the Rules of Criminal Procedure provides, in relevant part, as follows:

**Rule 720. Post-Sentence Procedures; Appeal**

**(A) Timing.**

(1) Except as provided in paragraphs (C) [After-discovered evidence] and (D) [summary case appeals], a written post-sentence motion shall be filed no later than 10 days after imposition of sentence.

* * *

(3) If the defendant does not file a timely post-sentence motion, the defendant's notice of appeal shall be filed within 30 days of imposition of sentence, except as provided in paragraph (A)(4) [addressing a Commonwealth motion to modify sentence].

Pa.R.Crim.P. 720(A)(1), (3).

---

[1] Although Appellant was sentenced in open court on December 16, 2015, the order imposing sentence was not docketed until January 6, 2016.

Accordingly, to be timely filed, any post-sentence motion had to be filed within ten days of imposition of Appellant's sentence, or by December 28, 2015.[2] Pa.R.Crim.P. 720(A)(1). Here, Appellant did not file his post-sentence motion until January 13, 2016. Post-Sentence Motion, 1/13/16. Thus, Appellant's post-sentence motion was untimely filed. As the motion was late, it did not toll Appellant's direct appeal period. *Commonwealth v. Felmlee*, 828 A.2d 1105, 1107 n.1 (Pa. Super. 2003).

In order to be timely, Appellant's notice of appeal needed to be filed within thirty days of the imposition of his sentence, or by January 15, 2016. Pa.R.Crim.P. 720(A)(3). Appellant, however, did not file his notice of appeal until February 24, 2016. Notice of Appeal, 2/24/16. Thus, Appellant's current appeal is untimely.[3] Consequently, we lack jurisdiction to hear it. *Commonwealth v. Millisock*, 873 A.2d 748, 750-751 (Pa. Super. 2005)

---

[2] December 26, 2015 fell on a Saturday. Accordingly, Appellant had until December 28, 2015, to file his post-sentence motion. *See* 1 Pa.C.S. § 1908 (stating that, for computations of time, whenever the last day of any such period shall fall on Saturday or Sunday, or a legal holiday, such day shall be omitted from the computation.). *Commonwealth v. Green*, 862 A.2d 613, 618 (Pa. Super. 2004).

[3] We note that the fact that the trial court ruled on the untimely post-sentence motion does not impact the timeliness of the appeal. *See Nahavandian*, 954 A.2d 625, 629-630 (appeal period expired thirty days from imposition of sentence regardless of court order ruling on untimely post-sentence motion); *Green*, 862 A.2d at 618 ("in order for the denial of post-sentence motions to become the triggering event [for calculating the thirty day appeal period], **it is necessary that the post-sentence motions be timely filed**.") (emphasis in original).

(explaining that where an untimely post-sentence motion is filed, the appeal period is not tolled and any appeal filed after thirty days from imposition of sentence is untimely and results in the appeal being quashed.). Lacking jurisdiction, quashal is appropriate. *See Commonwealth v. Dreves*, 839 A.2d 1122, 1129 (Pa. Super. 2003) (quashing untimely appeal for lack of jurisdiction).

Appeal quashed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/16/2016