J-S22031-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| THOMAS D. TYSON, SR., | |
| Appellant | No. 1697 MDA 2016 |

Appeal from the Judgment of Sentence August 2, 2016
in the Court of Common Pleas of Union County
Criminal Division at No.: CP-60-CR-0000255-2015

BEFORE: SHOGAN, J., MOULTON, J., and PLATT, J.[*]

JUDGMENT ORDER BY PLATT, J.:                    **FILED APRIL 13, 2017**

Appellant, Thomas D. Tyson, Sr., appeals from the judgment of sentence imposed following his jury conviction of aggravated indecent assault of a person less than thirteen years of age and indecent assault of a person less than thirteen years of age.[1]  We quash.

The relevant factual and procedural history of this case is as follows. On March 17, 2016, the jury found Appellant guilty of the above-mentioned charges, which stem from his molestation of his then five-year-old granddaughter.  On August 2, 2016, the trial court sentenced Appellant to a term of not less than three nor more than ten years' incarceration, with a

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. §§ 3125(a)(7) and 3126(a)(7), respectively.

concurrent term of five years' probation. Appellant received and signed a written notice informing him of his post-sentence rights, including his right to file a post-sentence motion within ten days of sentencing, and at the sentencing hearing, he indicated that he "completely understood" those rights. (N.T. Sentencing, 8/02/16, at 15; Post Sentencing Procedures Notice, 8/02/16, at 1); *see also* Pa.R.Crim.P. 720(A)(1). On August 11, 2016, Appellant filed a motion seeking an extension of time in which to file a post-sentence motion. On August 15, 2016, the trial court granted an extension of twenty days, with the post-sentence motion due on Monday, September 5, 2016.[2] (*See* Order, 8/15/16). Appellant filed an untimely post-sentence motion on September 6, 2016, which the trial court denied on September 13, 2016. Appellant filed a notice of appeal on October 13, 2016.[3]

On appeal, Appellant challenges the sufficiency and weight of the evidence supporting his conviction, and claims trial court error in issuing a jury instruction. (*See* Appellant's Brief, at 8-13). However, "[b]efore addressing the merits of Appellant's claims, we must address the timeliness of this appeal as it implicates our jurisdiction." *Commonwealth v.*

_____

[2] The twentieth day fell on a Sunday.

[3] Appellant timely filed a court-ordered concise statement of errors complained of on appeal on November 8, 2016. The trial court entered an opinion on November 15, 2016. *See* Pa.R.A.P. 1925.

- 2 -

***Nahavandian***, 954 A.2d 625, 629 (Pa. Super. 2008) (citation omitted).

"Jurisdiction is vested in the Superior Court upon the filing of a timely notice

of appeal." ***Id.*** (citation omitted).

> In cases where no post-sentence motions (or Commonwealth's motions to modify sentence) are filed, a defendant must file an appeal within 30 days of imposition of sentence in open court. Pa.R.Crim.P. 720(A)(3); Pa.R.A.P. 903(c)(3). If a defendant files a **timely** post-sentence motion, the appeal period does not begin to run until the motion is decided. Pa.R.Crim.P. 720(A)(2); Pa.R.A.P. 903(a). Except in circumstances not applicable here, a defendant must file a post-sentence motion within ten days of imposition of sentence. Pa.R.Crim.P. 720(A)(1).
>
> An **untimely** post-sentence motion does not toll the appeal period. ***Commonwealth v. Green***, 862 A.2d 613, 618 (Pa. Super. 2004) (*en banc*)[, *appeal denied*, 882 A.2d 477 (Pa. 2005)] ("[T]he time for filing an appeal can be extended beyond 30 days after the imposition of sentence only if the defendant files a timely post-sentence motion.").

***Commonwealth v. Capaldi***, 112 A.3d 1242, 1244 (Pa. Super. 2015)

(emphases in original). "Thus, where the defendant does not file a timely

post-sentence motion, there is no basis to permit the filing of an appeal

beyond 30 days after the imposition of sentence." ***Green***, ***supra*** at 618;

***see also*** Pa.R.Crim.P. 720(A)(3) ("If the defendant does not file a **timely**

post-sentence motion, the defendant's notice of appeal shall be filed within

30 days of imposition of sentence . . . ") (emphasis added).

Here, because Appellant did not file a timely post-sentence motion, the

appeal period began to run from the date his sentence was imposed, August

2, 2016. Therefore, his notice of appeal, filed more than two months later, was untimely. Accordingly, we quash this appeal.

Appeal quashed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/13/2017