J-S13017-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| TAREL LAMARR DIXON | : | |
| | : | |
| Appellant | : | No. 868 WDA 2017 |
| | : | |

Appeal from the PCRA Order May 8, 2017
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s):  CP-02-CR-0011346-2010

BEFORE: GANTMAN, P.J., SHOGAN, J., and MUSMANNO, J.

MEMORANDUM BY SHOGAN, J.:                           **FILED APRIL 13, 2018**

Appellant, Tarel Lamarr Dixon, appeals *pro se* from the May 8, 2017 order denying his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546.  We quash.

The PCRA court provided the relevant procedural background in this matter as follows:

> On October 18, 2012, a jury convicted Appellant, Tarel Dixon, of one count each of Murder in the First Degree, Robbery, Unlawfully Possessing a Firearm, and Recklessly Endangering Another Person (REAP).[1] This Court sentenced Appellant to life without the possibility of parole on the Murder count, with consecutive sentences of seventy-five to one hundred fifty months at the Robbery count and one to two years at the REAP count.[2] The Superior Court of Pennsylvania, on August 21, 2015, affirmed in part and reversed in part. The Superior Court reversed Appellant's convictions for Robbery, Person not to Possess,[3] and affirmed [the] conviction and sentence for REAP and First-Degree Murder. On March 15, 2016, the Supreme Court of Pennsylvania denied Appellant's Petition for Allowance of Appeal.

[1] 18 Pa.C.S. §§ 2501, 3701(a) (1), 2705, and 6105(a)(1), respectively.

[2] This Court imposed no further penalty at the Unlawfully Possessing a Firearm count.

[3] As a result, the Superior Court also vacated Appellant's sentence for Robbery. This Court imposed no further penalty for the Persons not to Possess a Firearm count.

On February 28, 2017, Appellant filed a *pro se* PCRA Petition. PCRA counsel filed a *Turner/Finley*[4] letter on April 12, 2017. Appellant filed an Amended PCRA petition on May 3, 2017. This Court denied the PCRA Petition [and permitted counsel to withdraw] on May 8, 2017. Appellant filed a Notice of Appeal to the Superior Court on June 13, 2017 and a Concise Statement of Errors Complained of on Appeal on July 17, 2017.

[4] *Commonwealth v. Turner*, 544 A.2d 927 ([Pa.] 1988); *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988).

PCRA Court Opinion, 11/13/17, at 3.

On appeal, Appellant raises eight issues for this Court's consideration, which are set forth verbatim as follows:

I. Whether the PCRA Court erred in denying the Petitioners Post Conviction Petition were all three (3) Counsels were ineffective for failure to investigate, establish, raise, and argue all the below issue(s) and claims.

II. Trial Counsel, Appellate Counsel, and PCRA Counsel willfully or inadvertently ignored the Petitioners request to conduct a thorough investigation of "Exculpatory Evidence" that would have changed the outcome of the Trial and the Appeal had it been introduced. The victims family had information that a guy named. [JR] committed this crime.

III. Trial Counsel, Appellate Counsel, and PCRA Counsel were all ineffective for not investigating relevant matters. Failure to

investigate (Jail House) witness **Andre Burse** who had pending charge(s), and **Sasha Stevenson** who also had pending charges. They were given leniency in exchange for their testimony without stipulating the District Attorney to reveal the deals and/or leniency given to them in exchange for their Testimony?

IV. Whether the PCRA Court erred in, and abused its discretion for allowing Detective Scott Evans, to interrogate the eight (8) year old child witness without stipulating for the record that he was qualified to do so. Did Detective Scott Evans have the credentials as an expert Child Abuse Detective to interrogate children?

V. Whether the PCRA Court erred and abused its discretion for allowing the cohersion of the Child witness, and not stipulating for the jury, that Scott Evans was not Qualified as a Child Abuse Detective **[expert]** to do so?

VI. Whether the PCRA Court erred in violating the Constitution of this Commonwealth or the Constitution or Laws of the United States which, in the circumstances of the particular case, so undermined the Truth determining process that no reliable adjudication of guilt or innocence could have taken place?

VII. Whether Ineffective Assistance of Counsel, pursuant to 42.Pa.C.S. §9543 (A)(2) (ii), undermined the truth determining process. Trial counsel, Appellate Counsel, and PCRA Counsel's performance were deficient, which is a direct violation of the Six Amendment?

VIII. Whether the issue underlying the claim of ineffectiveness has arguable merit? Whether Trial Counsel, Appellate Counsel, and PCRA Counsel were all ineffective for not raising the issues. PCRA Counsel was ineffective for failing to raise Appellate and Trial Counsel ineffectiveness. Layered ineffectiveness of all three (3) Counsel's prejudice the Petitioner and as a result caused his conviction, and his Appeal to be denied?

Appellant's Brief at vi-vii (verbatim).

Our standard of review of an order denying PCRA relief is whether the record supports the PCRA court's determination and whether that court's determination is free of legal error. ***Commonwealth v. Phillips***, 31 A.3d

317, 319 (Pa. Super. 2011). The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. *Id*.

As a prefatory matter, we must determine whether the instant appeal is timely. Pursuant to Pa.R.A.P. 903(a), "[T]he notice of appeal...shall be filed within 30 days after the entry of the order from which the appeal is taken." It is well settled that the timeliness of an appeal implicates our jurisdiction and may be considered *sua sponte*. *Commonwealth v. Nahavandian*, 954 A.2d 625, 629 (Pa. Super. 2008). "Jurisdiction is vested in the Superior Court upon the filing of a timely notice of appeal." *Id.* Time limitations on the taking of appeals are strictly construed and cannot be extended as a matter of grace. *Commonwealth v. Burks*, 102 A.3d 497, 500 (Pa. Super. 2014).

In the instant matter, Appellant is a *pro se* prisoner. The "prisoner-mailbox rule" provides that "in the interest of fairness, a *pro se* prisoner's appeal shall be deemed to be filed on the date that he delivers the appeal to prison authorities and/or places his notice of appeal in the institutional mailbox." *Commonwealth v. Chambers*, 35 A.3d 34, 39 (Pa. Super. 2011) (quoting *Smith v. Pennsylvania Board Of Probation and Parole*, 683 A.2d 278, 281 (Pa. 1996)); Pa.R.A.P. 121(a).

In order to be timely, Appellant was required to file his notice of appeal on or before Wednesday, June 7, 2017.[1] A review of the certified record

---

[1] The PCRA court dismissed Appellant's petition on May 8, 2017.

reflects that although the proof of service attached to Appellant's notice of appeal was dated May 31, 2017, the appeal was not filed in our Court until June 13, 2017. In order for the prisoner mailbox rule to apply, Appellant must produce reasonably verifiable evidence of the date that he deposited the *pro se* filing with the prison authorities, such as a prisoner cash slip. Pa.R.A.P. 121(a). Here, aside from Appellant self-servingly dating his proof of service May 31, 2017, the record is devoid of any evidence that reasonably verifies that Appellant placed his notice of appeal in the prison mail on or before June 7, 2017.

Accordingly, we are constrained to conclude that Appellant's notice of appeal was untimely. Therefore, we lack jurisdiction over this matter, and we are constrained to quash Appellant's appeal. ***Nahavandian***, 954 A.2d at 629.[2]

Appeal quashed.

Judge Musmanno joins the Memorandum.

P.J. Gantman concurs in the result.

_____

[2] Were we to reach the merits of the issues Appellant purports to raise, we would agree with the PCRA court that Appellant's verbose statement of the issues presented can be separated into two categories: 1) ineffective assistance of counsel; and 2) trial court error relating to interactions between a detective and a child witness. PCRA Court Opinion, 11/13/17, at 3. Moreover, after review, we would conclude that the thorough opinion drafted by the PCRA court correctly disposed of the issues Appellant sought to raise on appeal. Accordingly, we would affirm the May 8, 2017 order denying Appellant's petition for collateral relief based on the PCRA court's November 13, 2017 opinion.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>4/13/2018</u>