J-A14019-20

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MARCIA DINARDO | : | |
| | : | |
| Appellant | : | No. 1058 WDA 2019 |

Appeal from the Judgment of Sentence Entered January 14, 2019
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0004090-2018

BEFORE: SHOGAN, J., McLAUGHLIN, J., and MUSMANNO, J.

JUDGMENT ORDER BY McLAUGHLIN, J.:

Marcia Dinardo appeals from the judgment of sentence entered after she pled guilty to 34 counts of Cruelty to Animals.[1] We quash.

On January 14, 2019, Dinardo entered her guilty pleas and on that same day, the trial court imposed for each count a sentence of 90 days' probation (consecutive) and a fine of $300. It also ordered Dinardo to pay restitution. Eleven days after sentencing, on January 25, 2020, Dinardo filed a post-sentence motion, styled as a Motion to Modify Sentence, arguing, among other things, that the trial court erred in ordering her to pay fines without considering her ability to pay. Before the court ruled on the motion, on March

_____

[1] 18 Pa.C.S.A. § 5511(c)(1) (repealed). The trial court also found Dinardo guilty in summary appeals and sentenced her at a separate docket. Those convictions and sentences are not part of the judgment presently before us and no order on appeal here disposed of any issue relating to them.

18, 2020, Dinardo filed a Post Conviction Relief Act ("PCRA")[2] petition asking the trial court to reinstate her direct appeal rights nunc pro tunc. See PCRA Petition, filed 3/18/19, at ¶ 25. Without waiting for the court to decide her PCRA petition, Dinardo then filed a Motion to Extend Time Limit on Post-Sentence Motion Decision, asking the court to increase the 120-day period for it to decide her post-sentence motion by 30 days, citing the trial court's unavailability. See Motion to Extend, filed 5/22/19, at ¶¶ 3-6.

The trial court granted the extension and extended the 120-day deadline to June 12, 2020. See Order, filed 5/28/19. The trial court then denied the PCRA petition on June 7, 2020, as premature. It later held hearings in June and July 2020 regarding Dinardo's ability to pay the fines, and subsequently denied Dinardo's post-sentence motion on July 11, 2020. Dinardo filed the instant appeal on July 17, 2020.

Dinardo raises the following issues before this Court:

I. Was the trial court's sentence illegal because it imposed a fine on [Dinardo] without making the mandated determination of her ability to pay those fines pursuant to 42 Pa.C.S. § 9726(c) and (d), which prohibit a court from imposing any mandatory or discretionary fine without considering [Dinardo's] ability to pay?

II. Was the trial court's sentence illegal because it imposed a fine on [Dinardo] without determining if it would prevent [Dinardo] from making restitution or reparation to the victim of the crime pursuant to 42 Pa.C.S. § 9726(c)?

_____

[2] 42 Pa.C.S.A. §§ 9541-9546.

Dinardo's Br. at 3 (answers of trial court omitted).

We do not reach Dinardo's issues because her appeal was untimely and we therefore lack jurisdiction. We may raise questions about our jurisdiction on our own motion. See Commonwealth v. Andre, 17 A.3d 951, 958 (Pa.Super. 2011). In criminal cases, the deadline for a defendant to file a timely appeal turns on whether the defendant has filed a timely post-sentence motion. See Pa.R.Crim.P. 720(A). This is because a timely post-sentence motion tolls the running of the appeal period, but an untimely motion does not. See id.; see also Commonwealth v. Capaldi, 112 A.3d 1242, 1244 (Pa.Super. 2015).

A defendant has ten days from the pronouncement of sentence to file a timely post-sentence motion. Pa.R.Crim.P. 720(A)(1); see Commonwealth v. Nahavandian, 954 A.2d 625, 629 (Pa.Super. 2008). The ten-day mark here was January 24, 2020. However, Dinardo filed her post-sentence motion on January 25, 2020, making it untimely. Dinardo thus had 30 days from the imposition of sentence to file a timely notice of appeal, i.e., until February 13, 2020, inclusive. Pa.R.Crim.P. 720(A)(3). Because she did not file the instant appeal until July 17, 2020, it was untimely. Under our precedents, the trial court's consideration of the untimely motion does not change the outcome. See Commonwealth v. Dreves, 839 A.2d 1122, 1127 (Pa.Super.2003) (en banc).

Appeal quashed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date:  9/24/2020