J-A09013-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                     :            PENNSYLVANIA
                                     :
          v.                         :
                                     :
                                     :
JOSHUA KING                        :
                                     :
               Appellant         :    No. 481 WDA 2023

Appeal from the Judgment of Sentence Entered March 14, 2023
In the Court of Common Pleas of Washington County Criminal Division at
No(s): CP-63-SA-0000023-2023

BEFORE: DUBOW, J., KUNSELMAN, J., and NICHOLS, J.

JUDGMENT ORDER BY DUBOW, J.:          **FILED: April 11, 2024**

Appellant, Joshua King, appeals *pro se* from the March 14, 2023 judgment of sentence entered in the Washington County Court of Common Pleas following his failure to appear at his summary appeal hearing. After careful review, we dismiss this appeal as untimely.

The relevant facts and procedural history are as follows. On October 24, 2022, the magisterial district court convicted Appellant of Driving While Operating Privilege is Suspended or Revoked.[1] The court sentenced Appellant to pay fines, fees, and costs in the amount of $337.89. Appellant did not file a timely appeal from his judgment of sentence.

On February 7, 2023, Appellant filed a *nunc pro tunc* motion to file a summary appeal from his judgment of sentence along with a notice of appeal

---

[1] 75 Pa.C.S. § 1543(a).

to the Washington County Court of Common Pleas. The trial court granted the motion that same day and the clerk notified Appellant in writing that his summary appeal hearing would occur on March 14, 2023, at 9:30 AM. Appellant's signature appears on the notice scheduling the summary appeal hearing.

On March 14, 2023, Appellant failed to appear at the summary appeal hearing, and, upon motion of the Commonwealth, the trial court dismissed Appellant's summary appeal pursuant to Pa.R.Crim.P. 462(D), and reinstated the sentence imposed by the magisterial district court.[2] On April 10, 2023, Appellant filed a motion for reconsideration of the order dismissing Appellant's summary appeal and reinstating the sentence imposed by the magisterial district court. The trial court denied Appellant's motion for reconsideration on April 18, 2023.

On April 24, 2023, Appellant filed a notice of appeal order with this Court challenging the order dismissing his summary appeal and reinstating the judgment of sentence imposed by the magisterial district court.[3]

On May 23, 2023, this Court directed Appellant to show cause why we should not dismiss his appeal as untimely filed. On June 5, 2023, Appellant filed a response to the rule to show cause. On June 14, 2023, this Court

---

[2] Pa.R.Crim.P 462(D) provides that "[i]f the defendant fails to appear, the trial judge may dismiss the appeal and enter judgment in the court of common pleas on the judgment of the issuing authority." Pa.R.Crim.P. 462(D).

[3] The trial court did not order Appellant to file a Pa.R.A.P. 1925(b) statement.

discharged the rule to show cause and notified Appellant that the merits panel assigned to this case may revisit the issue of the timeliness of this appeal.

Accordingly, prior to addressing the merits of Appellant's claims, we must determine if this appeal was timely filed, since our jurisdiction is dependent upon the filing of a timely notice of appeal. ***Commonwealth v. Nahavandian***, 954 A.2d 625, 629 (Pa. Super. 2008).

As noted above, on April 10, 2023, Appellant filed a *pro se* motion for reconsideration of the trial court's March 14, 2023 order dismissing his summary appeal and reinstating the sentence imposed by the magisterial district court.[4] The trial court denied Appellant's request on April 18, 2023, more than 30 days after it entered the order from which Appellant now appeals.

Because the trial court did not expressly grant reconsideration within thirty days of entry of the order, Appellant's *pro se* motion for reconsideration did not toll the 30-day appeal period. ***See*** Pa.R.A.P. 903(a). ("Except as otherwise prescribed by this rule, the notice of appeal . . . shall be filed within 30 days after the entry of the order from which the appeal is taken."). ***See***

---

[4] Because the conviction giving rise to Appellant's judgment of sentence was of summary offense, Appellant was precluded from filing a post-sentence motion. Pa.R.Crim.P. 720(D). Appellant was not, however, precluded from filing a motion for reconsideration of the order dismissing his summary appeal hearing due to his failure to appear. ***See*** Pa.R.Crim.P. 720, miscellaneous note ("Although there are no post[-]sentence motions in summary appeals following the trial *de novo* pursuant to paragraph (D), nothing in this rule is intended to preclude the trial judge from acting on a defendant's petition for reconsideration [pursuant to 42 Pa.C.S. § 5505].").

*also Commonwealth v. Moir*, 766 A.2d 1253, 1255 (Pa. Super. 2000) (finding that because the trial court did not expressly grant a motion for reconsideration within the thirty-day appeal period following a summary trial, the defendant was required to file his notice of appeal within thirty days of the entry of his judgment of sentence to avoid quashal on timeliness grounds). Accordingly, Appellant was required to file a notice of appeal from the court's March 14, 2023 order dismissing his summary appeal within 30 days of entry of that order.

Appellant's appeal filed 41 days after entry of the court's order reinstating his judgment of sentence is untimely. Thus, we are constrained to quash this appeal.

Appeal quashed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

4/11/2024