J-S75011-17

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| DEONTAE ALLEN MCDOWELL | : | |
| | : | |
| Appellant | : | No. 391 WDA 2017 |

Appeal from the PCRA Order January 18, 2017
In the Court of Common Pleas of Beaver County Criminal Division at
No(s): CP-04-CR-0000870-2015,
CP-04-CR-0000874-2015

BEFORE: SHOGAN, J., OTT, J., and MUSMANNO, J.

MEMORANDUM BY SHOGAN, J.: FILED FEBRUARY 12, 2018

Appellant, Deontae Allen McDowell, appeals pro se from the order denying his petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546. After careful review, we quash.

The PCRA court summarized the factual and procedural history of this case as follows:

> On June 24, 201[5], pursuant to a plea agreement, [Appellant] entered a guilty plea in Case No. 870 of 2015 to one count of Persons Not to Possess a Firearm under 18 Pa.C.S.A. § 6105(a)(1), and a guilty plea in Case No. 874 of 2015 to another count of Persons Not to Possess a Firearm under 18 Pa.C.S.A. § 6105(a)(1). The [c]ourt accepted [Appellant's] plea and imposed in each case a sentence of five years to ten years

in a state correctional facility. The sentences were within the standard range and were run concurrently.[1]

On July 18, 2016, [Appellant] filed a PCRA [p]etition in the above-captioned cases.[2] On July 19, 2016 the [c]ourt entered an Order appointing counsel for [Appellant]. A Motion for Extension of Time was granted by the [c]ourt on September 7, 2016. Counsel for [Appellant] then filed a Motion to Withdraw from PCRA on Basis of No Merit on November 4, 2016, and an Amended Motion on November 23, 2016. The [c]ourt entered a Preliminary Order and Notice of Court on December 2, 2016, allowing counsel permission to withdraw, notifying [Appellant] of the [c]ourt's intention to dismiss the PCRA Petition without a hearing based upon the reasoning stated in counsel's No Merit Letter, and informing [Appellant] of his right to file a written response by December 22, 2016. On [December] 28, [Appellant] filed his written response, styled as an Objection to Notice of Intent to Dismiss Pursuant to Pa.R.Crim.P. 907.[1] On January 18, 2017, the [c]ourt entered an Order Dismissing PCRA Petition Without Hearing. In its Order, the [c]ourt explained its reasoning for dismissing [Appellant's] PCRA [petition]. [Appellant] then filed a Notice of Appeal.[2] On March 3, 2017, the [c]ourt entered an Order directing [Appellant] to file a Concise Statement of Matters Complained of on Appeal. The deadline for [Appellant] to file his Concise Statement was twenty-one days later, i.e., Friday, March 24, 2017. [Appellant], however, has failed to file any form of Concise Statement in this case. The [c]ourt now enters this Opinion addressing the issues raised by [Appellant].

> [1] Although time-stamped by the Clerk of Court when received on December 28, 2016, [Appellant's] written response is dated December 22, 2016.
>
> [2] The [c]ourt's Order dismissing [Appellant's] PCRA Petition was entered on January 18, 2017. [Appellant's] Notice of Appeal was time-stamped by

---

[1] Appellant did not file a direct appeal.

[2] As the PCRA court explained in its Pa.R.A.P. 1925(a) opinion, Appellant's PCRA petition was timely filed. PCRA Court Opinion, 4/3/17, at 4 n.3.

the Clerk of Courts on February 24, 2017, beyond the thirty day jurisdictional limitation imposed by Pa.R.A.P. 903(a). [Appellant's] Notice of Appeal, though, is dated February 17, 2017, which is just within the required time frame. Thus, pursuant to the "prisoner mailbox rule," [Appellant's] Notice of Appeal appears to be timely filed. See, e.g., Com. v. Jones, 549 Pa. 58 64, 700 A.2d 423, 426 (1997); Com. v. Ray, 2016 PA Super 37, 134 A.3d 1109, 1111, n.2. Otherwise, his appeal would be untimely and the Superior Court would be without jurisdiction to consider it. Com. v. Moir, 2000 PA Super 403, ¶ 3, 766 A.2d 1253, 1254 ("The question of timeliness of an appeal is jurisdictional. . . In order to preserve the right to appeal a final order of the trial court, a notice of appeal must be filed within thirty days after the date of entry of that order.") (external citation omitted).

Additionally, although [Appellant's] Notice of Appeal did not contain either the required fee or a Petition to Proceed in Forma Pauperis, this does not necessarily affect the jurisdiction of the appellate court, but rather allows it to take any appropriate action. See, e.g., Pa.R.A.P. 902 ("Failure of an appellant to take any step other than the timely filing of a notice of appeal does not affect the validity of the appeal, but it is subject to such action as the appellate court deems appropriate. . . "); First Union Nat. Bank v. F.A. Realty Inv'rs Corp., 2000 PA Super 360, ¶ 9, 812 A.2d 719, 722-23 ("[T]he perfection of the appeal does not depend in any way on the payment of the filing fee.").

PCRA Court Opinion, 4/3/17, at 1-2. The PCRA court filed its opinion pursuant to Pa.R.A.P. 1925(a) on April 3, 2017. On April 13, 2017, the PCRA court filed a supplemental Pa.R.A.P. 1925(a) opinion, indicating that on April 12, 2017, the Clerk of Courts of Beaver County received a

statement of matters complained of on appeal pursuant to Pa.R.A.P. 1925(b)

from Appellant.

Appellant presents the following issues for our review:

I.    Did the [PCRA] Court err in dismissing [Appellant's] [PCRA] Petition without a hearing when the [c]ourt failed to apply the "void ab initio" doctrine to the mandatory minimum statute found at 42 Pa.C.S.A. § 9712.1 which was found to be in violation of Alleyne v. United States, 133 S.Ct. 2151 (2013) and void by the Pennsylvania Supreme Court?

II.   Did the [PCRA] [c]ourt err in dismissing [Appellant's] [PCRA] Petition without a hearing when the [c]ourt misapplied the qualification of "firearm" to a .36 caliber percussion cap revolver found within [Appellant's] possession when not being utilized in commission of a "crime"?

III.  Did the [PCRA] [c]ourt err in dismissing [Appellant's] [PCRA] Petition without a hearing when Counsel failed to provide effective assistance of Counsel during [Appellant's] Plea Colloquy?

Appellant's Brief at 5.

Our standard of review of an order denying relief under the PCRA requires us to determine whether the decision of the PCRA court is supported by the evidence of record and is free of legal error. Commonwealth v. Perez, 103 A.3d 344, 347 (Pa. Super. 2014). "The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record." Commonwealth v. Lippert, 85 A.3d 1095, 1100 (Pa. Super. 2014).

As a prefatory matter, we must determine whether the instant appeal is timely. Pursuant to Pa.R.A.P. 903(a), "[T]he notice of appeal…shall be filed within 30 days after the entry of the order from which the appeal is taken." It is well settled that the timeliness of an appeal implicates our jurisdiction and may be considered sua sponte. Commonwealth v. Nahavandian, 954 A.2d 625, 629 (Pa. Super. 2008). "Jurisdiction is vested in the Superior Court upon the filing of a timely notice of appeal." Id. Time limitations on the taking of appeals are strictly construed and cannot be extended as a matter of grace. Commonwealth v. Burks, 102 A.3d 497, 500 (Pa. Super. 2014).

In the instant matter, Appellant is a pro se prisoner. The "prisoner-mailbox rule" provides that "in the interest of fairness, a pro se prisoner's appeal shall be deemed to be filed on the date that he delivers the appeal to prison authorities and/or places his notice of appeal in the institutional mailbox." Commonwealth v. Chambers, 35 A.3d 34, 39 (Pa. Super. 2011) (quoting Smith v. Pennsylvania Board Of Probation and Parole, 683 A.2d 278, 281 (Pa. 1996)).

To be timely, Appellant needed to file his notice of appeal by Friday, February 17, 2017.[3] A review of the certified record reflects that Appellant dated the notice of appeal February 17, 2017. The envelope in which

---

[3] The PCRA court dismissed Appellant's petition on January 18, 2017.

Appellant sent the notice of appeal, however, was date-stamped as deposited with inmate mail on February 21, 2017. Accordingly, we conclude that Appellant's notice of appeal was untimely filed. See Chambers, 35 A.3d at 39 ("a pro se prisoner's appeal shall be deemed to be filed on the date that he delivers the appeal to prison authorities and/or places his notice of appeal in the institutional mailbox.").[4] Because Appellant's notice of appeal was untimely filed, we lack jurisdiction over this matter and are constrained to quash Appellant's appeal. Nahavandian, 954 A.2d at 629.

Moreover, even if Appellant had timely filed his notice of appeal, his issues would be waived for failure to file a timely Pa.R.A.P. 1925(b) statement. Where a trial court orders an appellant to file a Pa.R.A.P. 1925(b) statement, the appellant must comply in a timely manner. Commonwealth v. Castillo, 888 A.2d 775, 780 (Pa. 2005).

> [F]ailure to comply with the minimal requirements of Pa.R.A.P.1925(b) will result in automatic waiver of the issues raised. Specifically, Pa.R.A.P.1925(b) requires that an appellant "file of record in the lower court and serve on the trial judge a concise statement of the matters complained of on the appeal no

---

[4] We note that while acknowledging that the envelope carrying the notice of appeal was dated February 21, 2017, the PCRA court found the notice of appeal to be timely, explaining that this was "a reasonable timeframe to account for the Department of Corrections to mail [Appellant's] Notice of Appeal and thus satisfy the prisoner mailbox rule with regard to whether [Appellant's] Notice of Appeal was timely filed." PCRA Court Supplemental Opinion, 4/13/17, at 2.

later than [twenty-one][5] days after entry" of an order requesting the statement.

Commonwealth v. Schofield, 888 A.2d 771, 774 (Pa. 2005).

The record reflects that the trial court issued an order on March 3, 2017, directing Appellant to submit a Rule 1925(b) statement. Accordingly, Appellant's Pa.R.A.P. 1925(b) statement was due on Friday, March 24, 2017. On April 3, 2017, the PCRA court filed an opinion pursuant to Pa.R.A.P. 1925(a), indicating that it had not received Appellant's Pa.R.A.P. 1925(b) statement and concluding that Appellant's issues were waived.

On April 13, 2017, the PCRA court filed a Supplemental Rule 1925(a) Opinion. In it, the PCRA court explained that "[o]n April 12, 2017, nine days after the [c]ourt entered its Rule 1925(a) Opinion and served a copy on [Appellant], the Clerk of Courts received a Statement of Matters Complained of on Appeal from [Appellant]." PCRA Court Opinion, 4/13/17, at 2. The PCRA court again concluded that Appellant's Pa.R.A.P. 1925(b) statement was untimely filed and that Appellant's claims on appeal should be dismissed. Id. at 3-5.

The record reflects that although Appellant's Pa.R.A.P. 1925(b) statement is dated March 23, 2017, the date-stamp on the envelope shows

_____

[5] The Supreme Court amended Pa.R.A.P. 1925 in 2007. The current version extends the original fourteen–day filing period of the statement to a minimum twenty-one–day filing period and grants the judge, upon application of the appellant and for good cause shown, authority to enlarge the time period initially specified, or, in extraordinary cases, to allow for filing of a statement nunc pro tunc. Pa.R.A.P. 1925, note.

that the document was placed in inmate mail on April 7, 2017. Accordingly, pursuant to the prisoner mailbox rule, the Pa.R.A.P. 1925(b) statement is deemed filed on April 7, 2017. As noted, pursuant to the PCRA court's March 3, 2017 order, Appellant's Pa.R.A.P. 1925(b) statement was due on March 24, 2017. Thus, Appellant failed to file his statement within twenty-one days of the date of the PCRA court's order. Pa.R.A.P. 1925(b). Due to Appellant's failure to timely submit a Rule 1925(b) statement, we conclude that any issues he wished to raise on appeal have been waived. See Schofield, 888 A.2d at 774 (where the pro se appellant's Pa.R.A.P. 1925(b) statement was not timely filed, the appellant's issues were waived). Accordingly, even if Appellant had timely appealed the order denying his PCRA petition, we would have concluded that the issues he attempts to raise on appeal would be waived for failure to timely file his Pa.R.A.P. 1925(b) statement.

For the reasons set forth above, we conclude that Appellant's appeal was untimely. Because the appeal was untimely, we are constrained to quash the appeal. Nahavandian, 954 A.2d at 630.

Appeal quashed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date:  2/12/2018