J-S46040-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| FRANCIS SHARIDE DINKINS | : | |
| | : | No. 407 MDA 2017 |
| Appellant | | |

Appeal from the Judgment of Sentence February 3, 2017
In the Court of Common Pleas of Lancaster County
Criminal Division at No(s):  CP-36-CR-0003121-2016,
CP-36-CR-0003454-2016

BEFORE:    BOWES, OLSON, JJ., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:                    **FILED JUNE 05, 2018**

Appellant Francis Sharide Dinkins appeals from the judgment of sentence entered in the Court of Common Pleas of Lancaster County on February 3, 2017, following a negotiated guilty plea.   Appellant's counsel also has filed a brief pursuant to **Anders v. California**, 386 U.S. 738 (1967) and its Pennsylvania counterpart **Commonwealth v. Santiago**, 602 Pa. 159, 978 A.2d 349 (2009) (hereinafter "**Anders** brief") together with a petition to withdraw as counsel.[1]  After a full examination of all the proceedings, we find this appeal is frivolous.  Accordingly, we grant counsel's petition to withdraw and affirm the judgment of sentence.

_____

[*] Former Justice specially assigned to the Superior Court.
[1] **Anders** set forth the requirements for counsel to withdraw from representation on direct appeal, and our Supreme Court applied **Anders** in **Santiago**.

Appellant was charged on two separate criminal dockets with various offenses. On February 2, 2017, Appellant entered a negotiated plea of guilty to two counts of aggravated assault, three counts of recklessly endangering another person, one count of discharging a firearm into an occupied structure, two counts of persons not to possess a firearm, one count of possession with intent to deliver controlled substance (marijuana) and possession of drug paraphernalia.[2] Also on that date and in open court, the trial court sentenced Appellant to the negotiated, aggregate term of ten (10) years to twenty (20) years in prison. The sentencing order was entered on February 3, 2017.

Prior to imposing its sentence, the trial court informed Appellant that before accepting his plea, it would ask him a series of questions to ensure he understood all of the rights he would be foregoing and that he had entered the plea freely. Appellant acknowledged signing each page of a written plea agreement, that he understood the elements of each charge brought against him, and that he could receive a maximum term of ninety-seven (97) years in prison along with a fine of $157,500.00. N.T., 2/2/17, at 4-11, 14-15. Appellant also admitted committing the acts on June 10, 2016, as described by the district attorney. *Id*. at 11-13. Upon finding Appellant's plea to be voluntarily and knowingly entered, the trial court sentenced Appellant in accordance with the plea agreement. *Id*. at 17-18. Appellant indicated to the

---

[2] 18 Pa.C.S.A. §§ 2702(a)(1); 2705; 2707.1; 6105 and 35 Pa.C.S.A. §§ 780-113(a)(30); 780-113(a)(32), respectively.

trial court that he had reviewed with counsel the explanation of his appellate rights located in his guilty plea colloquy and that he understood the same. *Id*. at 18.

On February 21, 2017, Appellant filed a *pro se* letter addressed to the trial court wherein he asked whether "there is any possible chance to have [his] sentence adjusted." A counseled notice of appeal was filed on Monday, March 6, 2017, and on March 8, 2017, the trial court entered an Order pursuant to Pa.R.A.P. 1925(b) directing Appellant to file a concise statement of matters complained of on appeal within twenty-one days. Instead, on March 28, 2017, Appellant's counsel filed a statement of intent to file an **Anders** brief with this Court pursuant to Pa.R.A.P. 1925(c)(4). On May 30, 2017, counsel filed her **Anders** brief and Application to Withdraw Appearance with this Court. Appellant filed no further submissions either *pro se* or through privately-retained counsel. The Commonwealth filed a statement with this Court on May 31, 2017, indicating it did not intend to file an appellate brief.[3]

_____

[3] In a Memorandum decision filed on July 6, 2017, this Court granted counsel's petition to withdraw and quashed the appeal. **See Commonwealth v. Dinkins**, 2017 WL 2895019 (Pa.Super. 2017) (unpublished memorandum). In doing so, we found that Appellant had failed to file his notice of appeal within thirty days of the imposition of his sentence, and, as a result, we lacked jurisdiction to hear it. On July 21, 2017, Appellant filed a counseled Application for Reargument *En Banc* or for Reconsideration with this Court requesting us to reconsider our decision. In a *Per Curiam* Order entered on September 19, 2017, this Court granted Appellant's motion.

Prior to addressing any question raised on appeal, we must first resolve counsel's petition to withdraw. *Commonwealth v. Goodwin*, 928 A.2d 287, 290 (Pa.Super. 2007) (*en banc*). *See also Commonwealth v. Rojas*, 874 A.2d 638, 639 (Pa.Super. 2005) (citation omitted) (stating "[w]hen faced with a purported *Anders* brief, this Court may not review the merits of the underlying issues without first passing on the request to withdraw."). There are procedural and briefing requirements imposed upon an attorney who seeks to withdraw on appeal pursuant to which counsel must:

> 1) petition the court for leave to withdraw stating that, after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous; 2) furnish a copy of the brief to the defendant; and 3) advise the defendant that he or she has the right to retain private counsel or raise additional arguments that the defendant deems worthy of the court's attention.

*Commonwealth v. Cartrette*, 83 A.3d 1030, 1032 (Pa.Super. 2013) (*en banc*) (citation omitted). In addition, our Supreme Court in *Santiago* stated that an *Anders* brief must:

> (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Santiago*, *supra* at 178-79, 978 A.2d at 361. Counsel also must provide the appellant with a copy of the *Anders* brief, together with a letter that advises

the appellant of his or her right to "(1) retain new counsel to pursue the appeal; (2) proceed *pro se* on appeal; or (3) raise any points that the appellant deems worthy of the court's attention in addition to the points raised by counsel in the **Anders** brief." **Commonwealth v. Nischan**, 928 A.2d 349, 353 (Pa.Super. 2007) (citation omitted). Substantial compliance with these requirements is sufficient. **Commonwealth v. Wrecks**, 934 A.2d 1287, 1290 (Pa.Super. 2007).

Herein, counsel contemporaneously filed her Application for Leave to Withdraw as Counsel and **Anders** brief. In her petition, counsel states that after a careful and conscientious examination of the record she has determined that an appeal herein is wholly frivolous. **See** Application to Withdraw Appearance at ¶ 9. The petition further explains that counsel notified Appellant of the withdrawal request and forwarded a copy of the **Anders** brief to Appellant together with a letter explaining his right to proceed *pro se* or with new, privately-retained counsel to raise any additional points or arguments that Appellant believed had merit. **See id**. at ¶¶ 11-12; **see also** attached Letter to Appellant. The petition indicates that a copy of the Application to Withdraw Appearance, **Anders** brief, and notice letter were served on Appellant, and these documents correctly inform Appellant of his rights.

In the **Anders** brief, counsel provides a summary of the facts and procedural history of the case with citations to the record, refers to evidence

of record that might arguably support the issue raised on appeal challenging the discretionary aspects of the sentence, provides citations to relevant case law, and states her reasoning and conclusion that the appeal is wholly frivolous. **See Anders** Brief at 7-9. Accordingly, counsel has complied with all of the technical requirements of **Anders** and **Santiago**. As Appellant filed neither a *pro se* brief nor a counseled brief with new, privately-retained counsel, we proceed to examine the issue of arguable merit counsel identified in the **Anders** brief and to conduct a full examination of the proceedings pursuant to **Anders** in an effort to discern whether any non-frivolous issues are evident on appeal. **Commonwealth v. Dempster**, 2018 WL 2111634, at *4 (Pa.Super. May 8, 2018) (*en banc*).

In her **Anders** brief, counsel presents a challenge to the consecutive nature of Appellant's sentence, which implicates the discretionary aspects of that sentence. **Anders** brief at 7; **Commonwealth v. Zirkle**, 107 A.3d 127, 131 (Pa.Super. 2014). However, before we address the merits of this claim, we must first determine the timeliness of this appeal as it affects our jurisdiction. **Commonwealth v. Ivy**, 146 A.3d 241, 255 (Pa.Super. 2016) (citing **Commonwealth v. Yarris**, 557 Pa. 12, 731 A.2d 581, 587 (1999)) (appellate courts may consider the issue of jurisdiction *sua sponte*). "Jurisdiction is vested in the Superior Court upon the filing of a timely notice of appeal." **Commonwealth v. Nahavandian**, 954 A.2d 625, 629 (Pa.Super.

2008) (citing **Commonwealth v. Miller**, 715 A.2d 1203, 1205 (Pa.Super. 1998)).

As noted, Appellant received his sentence in open court on February 2, 2017. N.T., 2/2/17, at 17-18. This Court has explained that the date of imposition of sentence in open court is the reference point for computing time for purposes of post–sentence motions and direct appeals, not the date upon which the sentencing order is docketed. **Nahavandian**, 954 A.2d at 630. Thus, Appellant's sentencing in open court on February 2, 2017, constitutes the reference point for determining the timeliness of his purported post–sentence motion and notice of appeal.[4]

Pennsylvania Rule of Criminal Procedure 720 reads, in relevant part, as follows:

**Rule 720. Post–Sentence Procedures; Appeal**

**(A) Timing.**

(1) Except as provided in paragraphs (C) [after-discovered evidence] and (D) [summary case appeals], a written post-sentence motion shall be filed no later than 10 days after imposition of sentence.

* * *

(3) If the defendant does not file a timely post-sentence motion, the defendant's notice of appeal shall be filed within 30 days of imposition of sentence, except as provided in paragraph (A)(4) [addressing a Commonwealth motion to modify sentence].

---

[4] We note that although the cover page of the transcripts from the guilty plea/sentencing proceeding indicates that the day was Friday, February 2, 2017, February 2, 2017, fell on a Thursday.

- 7 -

Pa.R.Crim.P. 720(A)(1), (3).

Herein, Appellant had to file a timely post-sentence motion within ten days of the trial court's imposition of his sentence, or by February 13, 2017.[5] Pa.R.Crim.P. 720(A)(1). Appellant did not file his purported post-sentence motion until February 21, 2017. **See** Letter filed February 21, 2017. That motion failed to preserve his discretionary sentencing claim for two reasons. First, Appellant had no right to file a *pro se* motion because he was represented by counsel. **Commonwealth v. Ellis**, 534 Pa. 176, 180, 626 A.2d 1137, 1139 (1993). This means that his *pro se*, post-sentence motion was a nullity, having no legal effect. **Nischan**, **supra**, 928 A.2d at 355. Notwithstanding, even if Appellant had filed a counselled post-sentence motion on February 21, 2017, it would have been untimely. As Appellant's purported post-sentence motion was a legal nullity and untimely filed, it did not toll Appellant's direct appeal period. **Commonwealth v. Felmlee**, 828 A.2d 1105, 1107 n. 1 (Pa.Super. 2003).

In order to be timely, Appellant's notice of appeal must have been filed within thirty days of the imposition of his sentence, or by Monday, March 6,

---

[5] February 12, 2017, fell on a Sunday. Accordingly, Appellant had until February 13, 2017, to file his post-sentence motion. **See** 1 Pa.C.S.A. § 1908. (stating that, for computations of time, whenever the last day of any such period shall fall on Saturday or Sunday, or a legal holiday, such day shall be omitted from the computation.); **Commonwealth v. Green**, 862 A.2d 613, 618 (Pa.Super. 2004).

2017, because the thirty-day period expired on Sunday, March 5, 2017. ***See*** **Pa.R.A.P. 903(a)** (stating notice of appeal shall be filed within thirty days of the order from which appeal is taken); Pa.C.S.A. § 1908. Appellant filed his notice of appeal on that date; therefore, we will proceed to a consideration of the merits of the claim he presents therein.

Generally, upon the entry of a guilty plea, a defendant waives all claims and defenses other than those sounding in the jurisdiction of the court, the validity of the plea, and what has been termed the "legality" of the sentence imposed. ***See Commonwealth v. Eisenberg***, 626 Pa. 512, 527, 98 A.3d 1268, 1276 (2014) (holding that the proper entry of a guilty plea acts to extinguish virtually all legal challenges that could have been brought upon the trial or appeal of the case). Herein, Appellant pled guilty to the aforementioned charges, and the trial court entered an agreed upon sentence. Where a defendant enters into a negotiated plea agreement that includes the terms of the sentence, her or she may not seek a discretionary appeal relating to those agreed-upon terms. ***See Commonwealth v. Brown***, 982 A.2d 1017, 1019 (Pa.Super. 2009), *appeal denied*, 605 Pa. 692, 990 A.2d 726 (2010) ***see also Commonwealth v. Dalberto***, 648 A.2d 16, 20 (Pa.Super. 1994) (citations omitted; emphasis in original) ("Where the plea agreement contains a *negotiated sentence* which is accepted and imposed by the sentencing court, there is no authority to permit a challenge to the discretionary aspects of that

sentence. . . permitting a discretionary appeal following the entry of a negotiated plea would make a sham of the negotiated plea process." ).

Appellant received the sentence to which he had agreed at the time he entered his guilty plea; thus, he cannot now challenge the discretionary aspects of that sentence. Accordingly, we agree with counsel that this sentencing claim presented in the **Anders** brief is wholly frivolous. In light of the foregoing, and after conducting a full examination of all the proceedings, we discern no non-frivolous issues to be raised on appeal. Therefore, we grant counsel's petition to withdraw and affirm the judgment of sentence.

Petition to withdraw as counsel granted. Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 06/05/2018