J-S19014-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| KEITH KINARD | : | |
| | : | |
| Appellant | : | No. 1645 EDA 2018 |

Appeal from the PCRA Order April 24, 2018
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0013967-2014

BEFORE: LAZARUS, J., KUNSELMAN, J., and STRASSBURGER*, J.

MEMORANDUM BY LAZARUS, J.:                    **FILED MAY 08, 2019**

Keith Kinard, appeals *pro se* from the order, entered in the Court of Common Pleas of Philadelphia County, dismissing his petition filed pursuant to the Post-Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. After careful review, we affirm.[1]

The PCRA court set forth the underlying facts of this matter as follows:

> On November 11, 2014, [Kinard] was arrested and charged with possession of a firearm prohibited, firearms not to be carried without a license, and carrying firearms public in Philadelphia. On June 26, 2015, at the conclusion of his jury trial, [Kinard] was found guilty on all charges. On September 3, 2015, [Kinard] was sentenced to five to ten years' confinement on the charges of possession of a firearm prohibited, three to seven years' [confinement] on the charge of firearms not to be carried without

---

[1] The Commonwealth has not filed a timely brief, filing its brief on April 3, 2019 — 46 days after the deadline for the third and final extension granted by this Court. We deny the Commonwealth's fourth application for extension of time to file a brief.

---

* Retired Senior Judge assigned to the Superior Court.

license, and one to two years' [confinement] on the charge of carrying firearms public in Philadelphia[,] for an aggregate sentence of nine to nineteen years' incarceration. Due to three outbursts during the sentencing hearing, [Kinard] was also found in Criminal Contempt and sentenced to three consecutive periods of confinement of 60 to 120 days.

PCRA Court Opinion, 8/15/18, at 1-2.

After his sentencing, Kinard filed a timely notice of appeal with this Court and we affirmed his judgment of sentence on March 28, 2017. **See Commonwealth v. Kinard**, No. 3019 EDA 2015 (Pa. Super. filed Mar. 28, 2017) (unpublished memorandum). Kinard timely filed a petition for allowance of appeal with the Pennsylvania Supreme Court, which it denied on September 20, 2017. The next day, September 21, 2017, Kinard timely filed a *pro se* PCRA petition; the court appointed counsel who filed a "no-merit" letter and petition to withdraw as counsel on February 13, 2018, pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (en banc). Kinard received notice of the court's intent to dismiss his petition without a hearing pursuant to Pa.R.Crim.P. 907 on February 26, 2018. Thereafter, Kinard twice responded to counsel's "no-merit" letter on March 8, 2018, and March 16, 2018. The PCRA court dismissed Kinard's petition without a hearing on April 24, 2018, and granted counsel's petition to withdraw. The court's proof of service shows the dismissal order was mailed to Kinard on April 26, 2018.

On May 29, 2018, Kinard filed this *pro se* appeal. Both Kinard and the PCRA court complied with Pa.R.A.P. 1925.  In its Rule 1925(a) opinion, the PCRA court recommended we quash Kinard's appeal as untimely.

We must, therefore, address whether this appeal is properly before us. In order to invoke appellate jurisdiction, Pennsylvania Rule of Appellate Procedure requires that all "notice[s] of appeal . . . shall be filed within 30 days after the entry of the order from which the appeal is taken."  Pa.R.A.P. 903(a); ***see also Commonwealth v. Nahavandian***, 954 A.2d 625, 629 (Pa. Super. 2008).  Because this filing period is jurisdictional in nature, it must be strictly construed and "may not be extended as a matter of indulgence or grace."  ***Commonwealth v. Pena***, 31 A.3d 704, 706 (Pa. Super. 2011).

As noted above, the order dismissing Kinard's PCRA petition was filed on April 24, 2018; however, the PCRA court's proof of service, included within the certified record, shows the order dismissing Kinard's petition was not mailed, at the earliest, until April 26, 2018.  Thus, Kinard's May 29, 2018, appeal was timely filed.[2]  ***See***  Pa.R.A.P. 108(a)(1) ("[I]n computing any period of time under these rules involving the date of entry of an order by a

---

[2] We observe that 30 days from April 26, 2018, was Saturday, May 26, 2018, and that Monday, May 28, 2018, was Memorial Day.  We have long recognized that "whenever the last day of any such period shall fall on a Saturday or Sunday, or on any day made a legal holiday . . . such day shall be omitted from the computation."  1 Pa.C.S.A. § 1908.  Kinard consequently had until Tuesday, May 29, 2018, to timely file his appeal.

court or other government unit, the day of entry shall be the day the clerk of the court or the office of the government unit mails or delivers copies of the order to the parties[.]"); **see also Commonwealth v. Gaines**, 127 A.3d 15, 18 (Pa. Super. 2015) (en banc). Accordingly, we decline to quash Kinard's appeal as untimely.

We, nonetheless, find ourselves unable to review Kinard's largely unintelligible brief. Even *pro se* appellants are required to submit briefs in conformity, in all material respects, with the Pennsylvania Rules of Appellate Procedure, as nearly as the circumstances of the particular case will permit. Pa.R.A.P. 2101. This Court may "quash or dismiss an appeal if the appellant fails to conform to the requirements set forth" in the Rules of Appellate Procedure. **Commonwealth v. Lyons**, 833 A.2d 245, 252 (Pa. Super. 2003), *appeal denied*, 879 A.2d 782 (Pa. 2005).

We find that Kinard's brief fails in numerous respects to conform with our Rules of Appellate Procedure. His brief contains no statement of jurisdiction, no specification of the order or determination sought to be reviewed, and no statement of the scope or standard of review. Pa.R.A.P. 2111(a)(1)-(3). Additionally, Kinard does not properly develop any of his purported claims by including any meaningful discussion of, or citation to, any relevant legal authority. **See** Pa.R.A.P. 2119(b) (compels finding of waiver "where an appellate brief fails to provide any discussion of a claim with citation

to relevant authority or fails to develop the issue in any meaningful fashion capable of review."). Thus, we find Kinard's claims are not reviewable.

In reaching this decision, we must note that "[a]lthough this Court is willing to liberally construe materials filed by a *pro se* litigant, *pro se* confers no special benefit upon the appellant." **Commonwealth v. Adams**, 882 A.2d 496, 498 (Pa. Super. 2005). Instead, the *pro se* litigant must "assume the risk that [his] lack of expertise and legal training will prove [his] undoing." **Id.**

Since the defects in Kinard's *pro se* brief are substantial and preclude this Court from conducting any meaningful appellate review, we are constrained to affirm the PCRA court's order.[3]

Order affirmed. Application for extension of time to file brief denied.

---

[3] Notwithstanding the fatal defects of Kinard's appellate brief, we would find his claims waived regardless. The issues we glean from Kinard's brief challenge the court's denial of his motion to suppress based upon whether officers had a legally sufficient basis for his stop and the evidence derived therefrom. However, on direct appeal, Kinard brought only a claim of prosecutorial misconduct and did not raise any suppression issues. Kinard could have raised these claims on direct appeal but did not, and they are, therefore, waived under the PCRA. 42 Pa.C.S.A. § 9554(b) (issue waived if petitioner failed to raise issue and it could have been raised before trial, at trial, on appeal, in habeas corpus proceeding or in prior proceeding under PCRA); **see also Commonwealth v. Keaton**, 45 A.3d 1050, 1060 (Pa. 2012).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/8/19