J-A08015-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
                                  :             PENNSYLVANIA
                                  :

                 v.                         :
                                  :

WILLIAM TAYLOR                    :
                                  :
             Appellant        :     No. 1765 EDA 2020

Appeal from the PCRA Order Entered August 7, 2020
In the Court of Common Pleas of Montgomery County
Criminal Division at No(s): CP-46-CR-0008595-2017

BEFORE: PANELLA, P.J., MURRAY, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY PANELLA, P.J.:            **FILED: MAY 28, 2021**

William Taylor appeals from the August 7, 2020, order denying his first Post-Conviction Relief Act ("PCRA")[1] petition without a hearing. As will be discussed in detail below, Taylor did not file his notice of appeal within the required 30-day time period as required by Pa.R.A.P. 903, and consequently, we lack jurisdiction over the matter. Accordingly, we are constrained to quash this appeal.

Briefly, on September 21, 2018, Taylor entered a negotiated plea to one count of possession with intent to deliver ("PWID") and one count of person

---

[*] Former Justice specially assigned to the Superior Court.

[1] 42 Pa.C.S.A. §§ 9541-9546.

not to possess a firearm.[2] That same day, the court sentenced Taylor to the negotiated, aggregate term of four to ten years' incarceration, followed by a seven-year probationary term.[3] Taylor did not file any post-sentence motions or a direct appeal but did file a *pro se* PCRA petition on August 20, 2019. The court originally appointed counsel, whose appearance was later withdrawn. Taylor then retained private counsel, who subsequently filed an amended PCRA petition on December 3, 2019. In the petition, Taylor alleged that plea counsel was ineffective for unlawfully inducing him to plead guilty because counsel improperly advised him about the terms of the plea and that he was facing a felony conviction for the firearms offense. **See** Defendant's Amended Petition Pursuant to the Post Conviction Relief Act, 12/3/2019, at 3. The Commonwealth filed a response on March 13, 2020.

On June 3, 2020, the PCRA court issued a Pa.R.Crim.P. 907 notice indicating its intent to dismiss Taylor's petition without a hearing because his claim had no merit. **See** Notice of Intent to Dismiss Post conviction Collateral Relief Act Motion Without a Hearing Pursuant to Pennsylvania Rule of Criminal

---

[2] 35 P.S. § 780-113(a)(30) and 18 Pa.C.S.A. § 6105(a.1)(3)(i).

[3] Subsequently, the Commonwealth moved for forfeiture of certain cellular equipment, money, and firearms related to the crimes and Taylor sought return of the property. Taylor appealed from the trial court's order granting the Commonwealth's petition for forfeiture and denying his motion for return of property. **See Commonwealth v. Taylor**, 226 A.3d 659 (Pa. Super., filed Jan. 28, 2020) (unpublished memorandum).

Procedure 907, 6/3/2020, at 2. Taylor did not file a response.[4] On August 7, 2020, the PCRA court entered an order dismissing Taylor's petition. Taylor filed this appeal on September 14, 2020.

"Our standard of review for issues arising from the denial of PCRA relief is well-settled. We must determine whether the PCRA court's ruling is supported by the record and free of legal error." *Commonwealth v. Presley*, 193 A.3d 436, 442 (Pa. Super. 2018) (citation omitted), *appeal denied*, 201 A.3d 154 (Pa. 2019).

As a prefatory matter, we must address our jurisdiction to entertain this appeal because appellate courts lack jurisdiction to consider untimely appeals and may raise the issue *sua sponte*. *See Commonwealth v. Nahavandian*, 954 A.2d 625, 629 (Pa. Super. 2008) ("Jurisdiction is vested in the Superior Court upon the filing of a timely notice of appeal.").

Generally speaking, Pennsylvania Rule of Appellate Procedure 341(a) directs that "an appeal may be taken as of right from any final order of a government unit or trial court." Pa.R.A.P. 341(a). "An order … denying,

---

[4] The court noted that around July 31, 2020, it received an unfiled, *pro se* "Amended Post Conviction Relief Act Petition Raising Ineffective Assistance of PCRA Counsel in Response to the Court's 6/3/2020, 907 Notice to Dismiss." *See* Notice of Intent to Dismiss Post conviction Collateral Relief Act Motion Without a Hearing Pursuant to Pennsylvania Rule of Criminal Procedure 907, 6/3/2020, at 2 n.1. The court indicated the document was submitted for docketing purposes pursuant to Pa.R.Crim.P. 576(A)(5). *See id.* The court pointed out the response was over a month late and Taylor was represented by counsel at the time. *See id.*

dismissing, or otherwise finally disposing of a petition for post-conviction collateral relief shall constitute a final order for purposes of appeal." Pa.R.Crim.P. 910. "[T]he notice of appeal … shall be filed within 30 days after the entry of the order from which the appeal is taken." Pa.R.A.P. 903(a). As such, "[t]ime limitations on the taking of appeals are strictly construed and cannot be extended as a matter of grace." *Commonwealth v. Perez*, 799 A.2d 848, 851 (Pa. Super. 2002). *See also* Pa.R.A.P. 105(b) ("An appellate court for good cause shown may upon application enlarge the time prescribed by these rules or by its order for doing any act, or may permit an act to be done after the expiration of such time, but the court may not enlarge the time for filing a notice of appeal, a petition for allowance of appeal, a petition for permission to appeal, a petition for review, or a petition for specialized review.").

Here, as indicated above, the court entered its order denying PCRA relief on August 7, 2020. In the order, the PCRA court advised Taylor of his right to appeal the dismissal of his petition to this Court within 30 days of the date of the order. *See* Order, 8/7/2020. Further, the order contains a certification that Taylor's counsel was served with the order on the same day. *See id*. Therefore, Taylor had until September 8, 2020 to file his notice appeal.[5] A

---

[5] The thirtieth day of the appeal period fell on a Sunday and the following day was a legal holiday. Therefore, Taylor had until September 8th to file a timely appeal. *See* 1 Pa.C.S.A. § 1908.

- 4 -

review of the record reveals Taylor's notice of appeal was not docketed until September 14, 2020.

In its Pa.R.A.P. 1925(a) opinion, the PCRA court found that Taylor failed to file a timely appeal and indicated that his appeal should be quashed. ***See*** Opinion, 10/5/2020, at 2. On January 21, 2021, this Court issued a rule to show cause why his appeal should not be quashed as untimely. Counsel for Taylor failed to file a response. On February 16, 2021, this Court referred the issue to the present panel.

In his appellate brief, Taylor did address the timeliness issue. He claims that counsel placed the notice of appeal in the mail at the post office in Norristown, Pennsylvania, on September 4, 2020 because Montgomery County Clerk of Courts office does not accept "overnight deliveries or in person service." Appellant's Brief, at 3. He alleges the notice "apparently sat on someone's desk for ten days before it was docketed[,]" and therefore, the onus was on the Clerk of Courts office as this inaction represented "an administrative breakdown." ***Id.***, at 3-4. He further states:

> [I]t is inconceivable that the clerks of courts did not receive the notice of appeal in time by three days after it was mailed from the post office that was four miles away from the courthouse. That the clerk of courts waited for over a week to docket the appeal should be deemed a breakdown in the process of the courts such that this appeal should not be quashed.

***Id.***, at 4-5.

We conclude that Taylor's argument is flawed and has no merit. Taylor conflates his situation with a prisoner trying to file a document while

incarcerated pursuant to the "prisoner mailbox rule." "[T]he prisoner mailbox rule provides that a *pro se* prisoner's document is deemed filed on the date he delivers it to prison authorities for mailing." **Commonwealth v. DiClaudio**, 210 A.3d 1070, 1074 (Pa. Super. 2019). Under Taylor's assertion, because counsel placed the document in the mailbox on September 4th, one could surmise that he filed the notice in a timely matter. However, Taylor's argument is erroneous because as a represented defendant, the "prisoner mailbox rule" does not apply to his circumstances. **Commonwealth v. Crawford**, 17 A.3d 1279, 1281 (Pa. Super. 2011).[6]

Furthermore, his assertion that there was an administrative breakdown lacks practical support. First, "[t]he courts of this Commonwealth have held that a court breakdown occurred in instances where the trial court ... either failed to advise Appellant of his … appellate rights or misadvised him." **Commonwealth v. Patterson**, 940 A.2d 493, 498 (Pa. Super. 2007) (citations omitted). Additionally, this Court has found a breakdown in the system where Clerk of Courts failed to notify the petitioner of the order

_____

[6] We note that in the reproduced record, submitted by Taylor, he includes a copy of the purported envelope that contained the notice of appeal and is stamped with the date of September 4, 2020. However, the certified record does not include this stamped envelope. "It is a well settled principle that appellate courts may only consider facts which have been duly certified in the record on appeal…. An item does not become part of the certified record by simply copying it and including it in the reproduced record." **Commonwealth v. Bracalielly**, 658 A.2d 755, 763 (Pa. 1995). Accordingly, Taylor would not be able to demonstrate that he placed the document in the mail prior to the appeal period expiration.

denying collateral relief. ***See Commonwealth v. Jerman***, 762 A.2d 366, 368 (Pa. Super. 2000). As noted above, in its August 7, 2020 order, the PCRA court advised Taylor of his right to appeal the dismissal of his petition within 30 days. ***See*** Order, 8/7/2020. Taylor does not argue that the court's instructions regarding his appellate rights and the relevant time period were misleading or that the Clerk of Courts did not notify him of the PCRA order.

Second, as the Commonwealth points out, Taylor fails to acknowledge that the Montgomery County Clerk of Courts Office accepts electronic filings, and he had previously filed his amended petition using that system. ***See*** Commonwealth's Brief, at 8. Accordingly, Taylor's counsel had an alternative avenue to timely file the notice.

Accordingly, we find Taylor was informed in the PCRA court's August 7, 2020 order that he had 30 days to file a notice of appeal, and he did not file his appeal until September 14, 2020. It is evident that Taylor's appeal is facially untimely, and we lack the jurisdiction to consider it.

Appeal quashed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 5/28/21

- 7 -