J-S22010-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| MARCUS LEE GRAHAM | : | |
| | : | |
| Appellant | : | No. 385 MDA 2021 |

Appeal from the PCRA Order Entered February 23, 2021
In the Court of Common Pleas of Berks County Criminal Division at
No(s): CP-06-CR-0003377-2005

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| MARCUS LEE GRAHAM | : | |
| | : | |
| Appellant | : | No. 386 MDA 2021 |

Appeal from the PCRA Order Entered February 23, 2021
In the Court of Common Pleas of Berks County
Criminal Division at No(s): CP-06-CR-0003378-2005

BEFORE: PANELLA, P.J., McCAFFERY, J., and PELLEGRINI, J.[*]

MEMORANDUM BY PANELLA, P.J.: **FILED: NOVEMBER 5, 2021**

Marcus Lee Graham appeals from the order entered in the Berks County
Court of Common Pleas on February 23, 2021, dismissing his petition filed
pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa. C.S.A. §§ 9541-

_____

[*] Retired Senior Judge assigned to the Superior Court.

9546, as untimely. For the reasons discussed below, we find the PCRA court properly denied Graham relief and affirm.

On October 19, 2007, Graham entered guilty pleas under two informations to first-degree murder, robbery, conspiracy to commit robbery, kidnapping and burglary. On the same date, Graham was sentenced to an aggregate term of life imprisonment followed by forty to eighty years' incarceration.

Graham filed a timely, counseled post-sentence motion in which he claimed his sentence was excessive. A few days later, Graham filed a *pro se* petition to withdraw his guilty plea, asserting his guilty plea was involuntary due to the ineffectiveness of his plea counsel. Plea counsel was subsequently permitted to withdraw and new counsel was appointed. After a hearing, the trial court denied both motions.

Graham then filed a timely direct appeal, and this Court affirmed the judgment of sentence on December 2, 2009. Graham subsequently sought an extension of time to file a petition for allocator with the Pennsylvania Supreme Court, and the request was denied on January 27, 2010.

On November 1, 2010, Graham filed a *pro se* PCRA petition. Counsel was appointed and later filed a **Finley** no-merit letter and a petition to withdraw as counsel. After receiving Graham's response, and holding multiple hearings to determine whether Graham sought other representation, new PCRA counsel entered her appearance.

On May 14, 2013, new counsel filed an amended PCRA petition, challenging the legality of Graham's sentence, and raising multiple claims of ineffectiveness of prior counsel, including ineffective assistance of plea counsel for failing to move to suppress letters written by Graham that were entered by co-defendant Luis Fargas, which Graham contended were altered (the "Fargas letters".) After a hearing and consideration of briefs from both sides, the PCRA court denied the PCRA petition. We affirmed the dismissal.

In May 2015, Graham filed a second *pro se* PCRA petition, followed by numerous motions to amend the petition. In the amended petition, Graham raised multiple layered claims of ineffective assistance of prior counsel, including a claim that plea counsel was ineffective for failing to object to the allegedly altered Fargas letters. The PCRA court subsequently issued notice of its intent to dismiss the petition without a hearing pursuant to Pa.R.Crim.P. 907. On August 31, 2016, the PCRA court dismissed the petition. Graham appealed and we affirmed the dismissal.

In May 2019, Graham filed a petition for writ of mandamus, followed by multiple amendments, asking for a handwriting expert to evaluate the Fargas letters. After a hearing, the court granted Graham's request, and ordered the Commonwealth to provide a high-resolution scan of the documents to Graham's retained expert.

On July 9, 2020, Graham filed the instant third PCRA petition, raising a claim that the Fargas letters had been altered based on the results from the

handwriting expert's analysis. The PCRA court subsequently issued notice of its intent to dismiss the petition without a hearing pursuant to Pa.R.Crim.P. 907. After receiving Graham's response, the PCRA court dismissed the petition on February 23, 2020. This appeal followed.[1]

As a prefatory matter, we must address our jurisdiction to entertain this appeal because appellate courts lack jurisdiction to consider untimely appeals and may raise the issue *sua sponte*. **See Commonwealth v. Nahavandian**, 954 A.2d 625, 629 (Pa. Super. 2008) ("Jurisdiction is vested in the Superior Court upon the filing of a timely notice of appeal.").

Generally speaking, Pennsylvania Rule of Appellate Procedure 341(a) directs that "an appeal may be taken as of right from any final order of a government unit or trial court." Pa.R.A.P. 341(a). "An order … denying, dismissing, or otherwise finally disposing of a petition for post-conviction collateral relief shall constitute a final order for purposes of appeal." Pa.R.Crim.P. 910. "[T]he notice of appeal … shall be filed within 30 days after the entry of the order from which the appeal is taken." Pa.R.A.P. 903(a). As such, "[t]ime limitations on the taking of appeals are strictly construed and cannot be extended as a matter of grace." **Commonwealth v. Perez**, 799 A.2d 848, 851 (Pa. Super. 2002) (citation omitted); **see also** Pa.R.A.P. 105(b)

---

[1] Graham filed separate notices of appeal under the two lower court dockets involved. We consolidated the appeals *sua sponte* as they raised identical challenges to the PCRA court's order.

("An appellate court ... may not enlarge the time for filing a notice of appeal, a petition for allowance of appeal, a petition for permission to appeal, a petition for review, or a petition for specialized review.").

Here, as indicated above, the PCRA court entered its order denying PCRA relief on February 23, 2021. In the order, the PCRA court advised Graham of his right to appeal the dismissal of his petition to this Court within 30 days of the date of the order. ***See*** PCRA Court Order, 2/23/2021. Therefore, Graham had until March 25, 2021 to file his notice appeal. A review of the record reveals Graham's notice of appeal was not docketed until March 31, 2021.

Nevertheless, pursuant to the "prisoner mailbox rule," a *pro se* prisoner's document is deemed filed on the date he delivers it to prison authorities for mailing. ***See*** Pa.R.A.P. 121(a); ***see Commonwealth v. Wilson***, 911 A.2d 942, 944 n.2 (Pa. Super. 2006). However, to avail oneself of the mailbox rule, a prisoner must supply sufficient proof of the date of the mailing. ***See Commonwealth v. Jones***, 700 A.2d 423, 426 (Pa. 1997) (accepting any reasonable verifiable evidence of the date a prisoner places his filing in the control of prison authorities); ***Commonwealth v. Perez***, 799 A.2d 848, 851 (Pa. Super. 2002).

Here, Graham included, in the certified record, a cash slip for postage dated March 18, 2021 and postmarked March 19, 2021 by the prison mailroom, which was within the 30-day appeal period. Based on the record,

and applying the "prisoner mailbox rule," we conclude Graham has provided sufficient proof that he filed a timely notice of appeal.

Prior to reaching the merits of Graham's claims on appeal, we must first consider the timeliness of his PCRA petition. **See Commonwealth v. Miller**, 102 A.3d 988, 992 (Pa. Super. 2014).

> A PCRA petition, including a second or subsequent one, must be filed within one year of the date the petitioner's judgment of sentence becomes final, unless he pleads and proves one of the three exceptions outlined in 42 Pa.C.S.[A.] § 9545(b)(1). A judgment becomes final at the conclusion of direct review by this Court or the United States Supreme Court, or at the expiration of the time for seeking such review. The PCRA's timeliness requirements are jurisdictional; therefore, a court may not address the merits of the issues raised if the petition was not timely filed. The timeliness requirements apply to all PCRA petitions, regardless of the nature of the individual claims raised therein. The PCRA squarely places upon the petitioner the burden of proving an untimely petition fits within one of the three exceptions.

**Commonwealth v. Jones**, 54 A.3d 14, 16-17 (Pa. 2012) (internal citations and footnote omitted).

Graham's judgment of sentence became final in 2010.[2] The instant petition – filed more than nine years later – is patently untimely. Thus, the

---

[2] According to the plain language of 42 Pa.C.S.A. § 9545(b)(3), a judgment of sentence becomes final at the conclusion of direct review or the expiration of the time for seeking the review. We affirmed Graham's judgment of sentence on December 2, 2009. Therefore, Graham had 30 days from that date to seek further review by our Supreme Court. **See** Pa.R.A.P. 1113(a) ("... a petition for allowance of appeal shall be filed with the Prothonotary of the Supreme Court within 30 days of the entry of the order of the Superior Court ... sought to be reviewed ...").

*(Footnote Continued Next Page)*

PCRA court lacked jurisdiction to review Graham's petition unless he was able to successfully plead and prove one of the statutory exceptions to the PCRA's time-bar. **See** 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii).

> The PCRA provides three exceptions to its time bar:
>
> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). Exceptions to the time-bar must be pled in the petition, and may not be raised for the first time on appeal. **See**

---

While Graham filed a request for an extension of time to file a petition for allowance of appeal, this request was denied. Therefore, Graham did not file a petition seeking allowance of appeal within the 30–day period. Accordingly, under the express terms of Section 9545(b)(3), Graham's judgment of sentence became final after the expiration of the 30–day period in which he was allowed to seek further review, which was on January 1, 2010.

We note, even if we construed Graham's extension request as "seeking review" by our Supreme Court, his PCRA petition filed over nine years later would nevertheless still be untimely. A judgment of sentence becomes final ninety days after a petition for allowance of appeal is denied by the Pennsylvania Supreme Court, when time for filing a petition for writ of certiorari to the United States Supreme Court expires. **See** 42 Pa.C.S.A. § 9545(b)(3). Under those circumstances, Graham's judgment of sentence would have been final, at the latest, on April 27, 2010.

***Commonwealth v. Burton***, 936 A.2d 521, 525 (Pa. Super. 2007); ***see also***

Pa.R.A.P. 302(a) (providing that issues not raised before the lower court are

waived and cannot be raised for the first time on appeal). Further,

> although this Court is willing to construe liberally materials filed by a *pro se* litigant, *pro se* status generally confers no special benefit upon an appellant. Accordingly, a *pro se* litigant must comply with the procedural rules set forth in the Pennsylvania Rules of the Court. This Court may quash or dismiss an appeal if an appellant fails to conform with the requirements set forth in the Pennsylvania Rules of Appellate Procedure.

***Commonwealth v. Lyons***, 833 A.2d 245, 251–52 (Pa. Super. 2003)

(citations omitted). Even liberally construed, Graham has failed to plead and

prove that any of his claims form a valid exception to the PCRA time-bar.

Graham attempts to invoke Section 9545(b)(1)(ii), i.e., the newly

discovered fact exception. Section 9545(b)(1)(ii) "requires petitioner to allege

and prove that there were 'facts' that were 'unknown' to him" and that he

could not have ascertained those facts by the exercise of "due diligence." ***See***

***Commonwealth v. Bennett***, 930 A.2d 1264, 1270 (Pa. 2007). "The focus of

the exception is on the newly discovered facts, not on a newly discovered or

newly willing source for previously known facts." ***Commonwealth v.***

***Marshall***, 947 A.2d 714, 720 (Pa. 2008) (citation, quotation marks, and

brackets omitted). "Due diligence demands that the petitioner take reasonable

steps to protect his own interests. A petitioner must explain why he could not

have learned of the new fact(s) earlier with the exercise of due diligence."

***Commonwealth v. Williams***, 35 A.3d 44, 53 (Pa. Super. 2011) (citations omitted).

Graham bases his new evidence claim on the results of the expert examination of the Fargas letters. It is clear from a review of the record that Graham's underlying assertion of falsified evidence is not a new fact to Graham, as he has admitted he asked trial counsel to look into the handwriting prior to trial. ***See*** Appellant's Brief, at 24 (re-paginated for clarity).

To the extent Graham attempts to rely on the testimony of the recently hired handwriting expert, this merely provides a new source for a previously known fact. While the expert examination was not performed until 2020, Graham has provided no explanation for this delay. Again, Graham was aware of the Fargas letters prior to his guilty plea and raised concerns regarding falsification/alteration back then. He therefore had numerous opportunities to raise this issue at an earlier time, including prior to his guilty plea, during post-sentence proceedings, or during one of his earlier PCRA proceedings. Therefore, Graham has failed to plead and prove the newly-discovered fact exception to the PCRA's timeliness requirement.

Accordingly, the PCRA court did not err when it dismissed Graham's PCRA petition without a hearing.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 11/5/2021